JOHN H. SPELLMAN, as Receiver of the MUEHLFELD & HAYNES PIANO COMPANY, Appellant, *v.* FRANK MUEHLFELD, Respondent.

1. ACCOUNT STATED — IMPLIED ASSENT. To constitute an account stated an express assent thereto need not be shown, but such assent may be implied from the circumstances.

2. ASSENT, WHEN QUESTION FOR JURY. Whether or not the defendant assented to an account charged against him upon the books of a corporation so as to constitute it an account stated is a question for the jury,

where as one of the managing directors he was in control of the corporate business and its books, directed the bookkeeper as to the making of entries, and afterwards verified a petition for the voluntary dissolution of the corporation on the ground of insolvency, to which was annexed a schedule of the assets in which his name appeared as a debtor in the same amount shown upon the corporate ledger.

*Spellman* v. *Muehlfeld*, 48 App. Div. 265, reversed.

(Argued January 31, 1901; decided March 12, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Delahunty* for appellant. The testimony showed an account stated between the plaintiff and the company. (*Lockwood* v. *Thorne*, 18 N. Y. 285; *Volkening* v. *De Graaf*, 81 N. Y. 268; *Stenton* v. *Jerome*, 54 N. Y. 480; *Schutz* v. *Morette*, 146 N. Y. 137; *Knickerbocker* v. *Gould*, 115 N. Y. 533; *Harvey* v. *W. S. El. Ry. Co.*, 13 Hun, 392; *E. V. B. Co.* v. *Prosser*, 157 N. Y. 289; *Young* v. *Hill*, 67 N. Y. 162; *Quincey* v. *White*, 63 N. Y. 377.) The case should have been submitted to the jury. (*Nostrand* v. *Ditmis*, 127 N. Y. 355.)

*John J. O'Connell* and *Henry J. Furlong* for respondent. This being an action strictly upon an account stated, the plaintiff can recover only upon proving the exact amount claimed in the complaint. (*Lockwood* v. *Thorne*, 18 N. Y. 285; *Volkening* v. *De Graaf*, 81 N. Y. 268; *Johnson* v. *Tyng*, 1 App. Div. 610; *Goings* v. *Patten*, 1 Daly, 168; 1 Am. & Eng. Ency. of Law [2d ed.], 443; *Harvey* v. *W. S. El. Ry. Co.*, 13 Hun, 392; *Schettler* v. *Smith*, 2 J. & S. 17; *Surdam* v. *Fuller*, 31 Hun, 500; *State* v. *H. Steel Co.*, 51 N. J. L. 446; *Hall* v. *Morrison*, 3 Bosw. 527; *Philip* v. *Belder*, 2 Edw. Ch. 1.) The evidence showed so overwhelmingly that the sum of $1,562.60 was not due from the defendant that a ver-

dict could not be allowed to stand, and hence the dismissal was proper. (*Linkauf* v. *Lombard,* 137 N. Y. 417; *Hemmens* v. *Nelson,* 138 N. Y. 517.)

PARKER, Ch. J.  Plaintiff, as receiver of a corporation of which defendant was formerly president, sought to recover upon an account stated.  After the testimony was all in the trial court dismissed the complaint and the Appellate Division, in affirming the judgment entered thereon, held that the plaintiff had failed to establish a cause of action.  With such determination there would be no opportunity for quarrel provided it was necessary in order to make out the plaintiff's case that he should show an express assent to the correctness of the account.  The case has heretofore been considered apparently on the theory that one who seeks to prove an account stated assumes that burden.  But this is not so; for it is quite sufficient for a party to prove facts from which an assent may be implied, and the cases with which the reports abound present nearly, if not quite, as many instances in which the plaintiff has relied upon facts from which it was asked that an assent to the account should be implied, as where it was claimed that an express assent had been proved.

The rule governing accounts stated arose from the practice of merchants and was first applied by courts of chancery to merchants only; but after a time it was extended to cases at law.  As between merchants at home, an account which had been presented and no objection made thereto was after the lapse of several posts treated under ordinary circumstances as being by acquiescence a stated account (*Sherman* v. *Sherman,* 2 Vern. 276); while between merchants in different countries, a longer time was given.  But if no objection was made after several opportunities of writing, it was considered an acquiescence.  (*Willis* v. *Jernegan,* 2 Atk. 251; *Tickel* v. *Short,* 2 Ves. Sr. 239.)  And so when Judge Story came to write upon this subject he said: "What is a reasonable time is to be judged of by the habits of business at home and abroad." (1 Story's Eq. Jur. § 526.)  While the rule has been confined

in some jurisdictions to merchants, it has in most of the states
of this country been extended to all classes, and it is so in this
jurisdiction with the possible exception that the courts have
not attempted to lay down any general test by which to
determine what constitutes a reasonable time for the retention
of an account in order to make it an account stated. In
*Lockwood* v. *Thorne* (11 N. Y. 170) Judge PARKER writing
for the court asserted the general rule to be that where an
account showing a balance is rendered, the party receiving it
is bound within a reasonable time to examine it and object if
he dispute its correctness; if he omit to do so he will be
deemed from his silence to have acquiesced, and will be bound
by it as an account stated in absence of proof of fraud or mis-
take. In such a case the assent is not expressed, but it is
implied from the fact of a retention of the account for a period
of time without objection to any of its items. The mere
retention of an account without objection for a reasonable
length of time is said to *prima facie* establish assent to its
correctness by the party receiving it, but this may be overborne
by proof of circumstances tending to a contrary inference.
(*Lockwood* v. *Thorne*, 18 N. Y. 285.) Therefore, while the
proposition is correctly laid down in *Volkening* v. *De Graaf*
(81 N. Y. 268) that " An account stated is an account balanced
and rendered, with an assent to the balance express or implied,
so that the demand is essentially the same as if a promissory
note had been given for the balance," nevertheless in proving
an account stated " it is not necessary to show an express
examination of the respective demands or claims of the par-
ties, or an express agreement to the final adjustment. All
this may be implied from circumstances." (*Lockwood* v.
*Thorne*, *supra*, 18 N. Y. 285, 288.) In the same case it is
said that " An account stated or settled is a mere admission
that the account is correct. It is not an estoppel. The
account is still open to impeachment for mistakes or errors.
Its effect is to establish, *prima facie*, the accuracy of the
items without other proof." These authorities were recently
approved in *Eames Vacuum Brake Co.* v. *Prosser* (157 N. Y.

289), and in the course of the opinion, the necessity of an assent being under consideration, it was said : " It need not be by direct and express assent, but such assent may be implied from the circumstances."

The question in this case is whether the facts and circumstances proved were of such a character as to permit the inference to be drawn that the defendant assented to the account which was the subject of litigation. The plaintiff, shortly after entering upon the discharge of his duties as receiver of the Muehlfeld and Haynes Piano Company, found upon the ledger of the company an account against the defendant which was headed " Frank Muehlfeld," by which it appeared that there was a balance due from him to the company of $1,562.60. Plaintiff then set on foot certain inquiries touching the matter, which resulted in his ascertaining and finally proving upon the trial that the company had three directors : the defendant, one Jack Haynes and Oliver Peck, the latter taking no part in the business at any time. The defendant was the president and attended at the factory, where the office was and where the books were kept, and he gave the bookkeeper directions from time to time with reference to the entries in the books. The bookkeeper did not know that Muehlfeld had ever examined the account in question or discovered the amount of the balance, but the latter was in charge of the factory and gave the bookkeeper instructions from time to time about the entries. When the defendant and Haynes concluded that the company should be dissolved for insolvency they, constituting a majority of the directors of the company, signed and verified a petition for its voluntary dissolution. Attached to that petition were schedules purporting to show the assets and liabilities of the company, and they contained, among others, this item: " Frank Müehlfeld, $1,562.60," which is the amount due according to the balanced account which the plaintiff discovered in the ledger and for which this action was brought. This petition and the schedules showing Muehlfeld's indebtedness to the company were signed and verified by him.

32

Now, it is true that it does not appear from this evidence in express terms that Muehlfeld as president presented to Muehlfeld as an individual a statement of the balance due from him to the company; nor that Muehlfeld as an individual said to Muehlfeld. as president that the account was correct; and so the evidence fell short of proving an express assent to the correctness of the account by Muehlfeld. But as disclosed by an examination of the authorities, to some of which reference has been made, it is not necessary to show an express assent, but it is sufficient if the inference that the party assented may be fairly drawn from the facts and circumstances proved. It can hardly be seriously urged that the inference of the assent by Muehlfeld may not be drawn from the transactions to which I have referred, showing briefly that Muehlfeld, as one of the two managing directors, was in control of the factory and of the books in which the balance was found, and accustomed to give directions to the bookkeeper as to making entries, and he afterwards verified a petition to which was annexed a schedule of the assets of the Muehlfeld and Haynes Piano Company, in which the defendant's name appeared as a debtor in the same amount shown upon the ledger. Indeed, this seems to have been the view of the trial court, for he denied the motion to dismiss the complaint at the close of the plaintiff's case, thus putting the defendant to his proof. As it was for the jury to draw the inference of fact at the close of the plaintiff's case, so it continued to be down to and including the time when the defendant rested; for while the latter testified that he had never admitted that the account was correct and testified in other respects tending to show that the account was not what is known in law as an account stated, nevertheless his testimony was not controlling, and it was for the jury to say, after a consideration not only of his testimony but of all the facts and circumstances proved, whether the account was stated, as alleged in the complaint. But instead of allowing the jury to pass upon it, the court held as a matter of law that the account was not stated and dismissed the complaint, thus failing to heed the admoni-

tion of the court in *Nostrand* v. *Ditmis* (127 N. Y. 355, 359). In that case it was claimed that there was one or more accounts stated and the court said :

"Although the evidence may have warranted the conclusion that such was the effect of the several balances so represented, it cannot, as matter of law, be so held, as it does not necessarily appear that it was done by the consent or acquiescence of the plaintiffs' testatrix. This was at least a question of fact for the determination of the referee, and there was no error in his refusal to find as so requested."

We, therefore, reach the conclusion that the trial court erred in refusing to allow the jury, who were the triers of fact in this case, to decide upon the testimony adduced whether or not the defendant had assented to the account as stated upon the books of the corporation.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Gray, Martin, Vann and Cullen, JJ., concur; Bartlett, J., not voting; Werner, J., absent.

Judgment reversed, etc.