## FROTHINGHAM v. SATTERLEE.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. ACCOUNT STATED—EVIDENCE—SUFFICIENCY—IMPEACHMENT.

   A final account rendered by plaintiff to defendant was acknowledged by the latter as "received and found correct," and plaintiff testified that, in several interviews thereafter, defendant admitted the amount of the indebtedness shown thereby, and promised to pay it. *Held,* sufficient to show an account stated, which was binding unless impeached for fraud, mistake, or manifest error.

2. SAME—QUESTION OF FACT FOR REFEREE.

   To impeach an account stated, defendant testified that he signed the statement approving the account on the statement of plaintiff's partner, since deceased, that it was a simple receipt of the account, and not an approval thereof; that plaintiff insisted on having the statement receipted; and that he had to satisfy him. *Held,* that this testimony, if admissible, presented only a question of fact for the referee.

3. SAME—COUNTERCLAIM—PLEADING AND PROOF.

   In an action on an account stated in favor of a broker, the answer admitted the statements of the account, but alleged that they wrongfully contained entries of stock, etc., bought or sold without the order or knowledge of defendant, and charges of commissions thereon, and likewise included charges of interest at usurious rates, and also of interest on account of stocks embraced in said statements, which amounts of interest had not in fact been paid thereon. *Held,* that the counterclaim would not justify a recovery by defendant for plaintiff's failure to sell bonds.

4. SAME—TRIAL BEFORE REFEREE—RECEPTION OF EVIDENCE—REVIEW.

   In an action on an account stated in favor of a broker, a referee refused to allow, on the cross-examination of plaintiff and his bookkeeper, proof of purchases and sales of stock prior to the statement of the account between the parties, on the ground that the evidence was only admissible as a part of defendant's case, and that there first had to be some evidence that the account as assented to by defendant was incorrect. After plaintiff had rested, he was recalled by defendant, and no evidence was excluded that could have helped defendant, or which bore on the question at issue. *Held,* that the rulings would not justify a reversal of the judgment for plaintiff.

Appeal from judgment on report of referee.

Action by Charles F. Frothingham against Frank Le Roy Satterlee. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Frank F. Vanderveer, for appellant.

John Yard, for respondent.

INGRAHAM, J.   The action is brought to recover the balance of an account due from the defendant to the plaintiff, who was a broker engaged in the business of buying and selling stocks and bonds and other securities in the city of New York; and the complaint alleges that the plaintiff and the firm of which he is surviving partner purchased and sold various stocks and bonds for the defendant; that on or about the 3d day of April, 1894, there was an account stated between the plaintiff's firm and the defendant, by which it was agreed that the balance due to the plaintiff was on that day $8,199.91, which sum the defendant agreed to pay to the plaintiff; that thereafter, from the 31st day of March, 1894, to the 1st day of January, 1899, the said firm continued to act as brokers for the defendant under said employment, and, at his request, made certain purchases and sales of stock for him; and that on the 1st day of January, 1899, there was a balance due the plaintiff from the defendant of $5,142.53, for which sum the plaintiff asks to recover judgment.   The answer admits the statements of this account, but alleges that the same was agreed to relying upon the assurances of one James R. Nichols, then the plaintiff's partner, that the same were just and correct statements of the account; and, upon information and belief, that "the aforesaid statements wrongfully contained entries of stock, etc., bought or sold without the order or knowledge of defendant, and charges of commission thereon, and likewise included charges of interest at usurious and unlawful rates, and also of interest claimed to have been paid on account of stocks embraced in said statements, but which amounts of interest had not in fact been paid thereon"; and the defendant asks that the complaint be dismissed, that an accounting between the plaintiff and the defendant be directed and that the defendant recover judgment against the plaintiff for the amount found due.   The reply denied the allegations constituting a counterclaim, and the case was referred to a referee to hear and determine.

Upon the trial the plaintiff proved the statement of the account by a letter dated April 3, 1894, addressed to the plaintiff and signed by the defendant, as follows:   "Dear Sirs:   Your statement of my account to March 31, 1894, is received and found correct.   Very truly yours, F. Le Roy Satterlee."   The plaintiff also proved the subsequent transactions alleged in the complaint, and the rendering of the final account to the defendant to December 31, 1897, which showed a balance against the defendant of $4,847.80, and testified to several interviews with the defendant after the rendition of this account at which the defendant admitted that he was indebted to the plaintiff in this amount, and promised to pay the same when able to do so.   Upon this evidence the referee held that there was an account stated, which was binding upon the defendant, unless such account was impeached for fraud, mistake, or manifest error.   This ruling was correct.   Spellman v. Muehlfeld, 166 N. Y. 245, 59 N. E. 817.   The plaintiff thus having established his cause of action the burden was on the defendant to impeach the account.   To sustain this defense the defendant was examined as to cer-

tain conversations between himself and Mr. Nichols, who was the plaintiff's partner, but who died before the commencement of the action. He testified that he signed the statement approving the account upon the statement of Mr. Nichols that it was only a matter of form, and it was understood to be a simple receipt of the account, and not an approval of it; that Mr. Frothingham, his partner, insisted upon having the statements receipted; and that he had to satisfy Mr. Frothingham. But this testimony of the defendant was uncorroborated; Mr. Nichols had died before the commencement of the action; and, if admissible as against the plaintiff, it presented a question of fact for the referee, and his finding in favor of the plaintiff was supported by the evidence.

The only other question presented is as to the right of the defendant to offset, as against this amount due, the damages sustained by the defendant by reason of the failure of the plaintiff to sell certain bonds of the defendant held as collateral security for the amount due the plaintiff upon this account. There was evidence that the plaintiff tried to sell the bonds; that they had no market value in New York, and were not listed upon the stock exchange; and that finally, being unable to sell the bonds in the regular way, the defendant requested the plaintiff not to sacrifice them at auction, which request the plaintiff complied with. The counterclaim that was alleged in the answer would not justify a recovery by the defendant for a failure to sell these bonds. Assuming, however, that such a counterclaim had been pleaded, it was a question of fact for the refereee as to whether the plaintiff obeyed the instructions of the defendant in respect to the sale of the bonds, and the finding of the referee on this subject was sustained by the evidence.

There are various rulings upon the admission and rejection of evidence to which the defendant excepted. They relate principally to the refusal of the referee to allow, upon the cross-examination of the plaintiff and his bookkeeper, proof of purchases and sales of stock prior to the statement of the account between the plaintiff and the defendant. The referee sustained these objections to questions upon cross-examination, upon the ground that the evidence was only admissible as a part of the defendant's case, and that there first had to be some evidence tending to show that the account as assented to by the defendant was incorrect. After the plaintiff had rested, the defendant recalled the plaintiff, and no evidence was excluded that could have helped defendant. So far as appears, all the testimony that was offered by the defendant to prove his case which was admissible was admitted, and nothing was excluded that could bear upon the question at issue. The main defense of the defendant was as to his understanding with Nichols, who was a member of the plaintiff's firm, as to these various purchases and sales, and the conditions upon which he approved the account. These were all questions of fact for the referee, and were found against the defendant. The evidence excluded could not have aided him in his defense.

Upon the whole case, we think that none of the rulings would justify a reversal of the judgment, and it should be affirmed, with costs. All concur.