Louis M. Greenblott, J.
Plaintiff moves for summary judgment for the sum of $6,032.05 based on an alleged account stated or accord. On April 26,1963, the parties entered into an agreement whereby the defendant agreed to purchase lots owned by the plaintiff in a subdivision known as Runacres Estates for the purpose of building single-family homes. On December 12,1964, the parties executed an instrument which the plaintiff contends constitutes an account stated or accord. Certain credits to the plaintiff are set forth in the total sum of $93,243.96 for “ all work, labor and services performed by him.” The writing set forth payments by the defendant to the plaintiff of $17,968.17. After deducting a credit ‘1 for work, labor and services and materials furnished by Lansing in completing development for Graham of $11,936.12, a net balance remains in favor of the plaintiff in the sum of $6,032.05.” Finally, it stated that the defendant would place funds in the hands of Kramer, Wales & Robinson for the payment of certain adjustments, and in the event that no adjustments were due, the balance would be paid to Graham.
The defendant opposes the motion, alleging that in the original agreement entered into between the parties on April 26, 1963, the following paragraph appeared: ‘1 The Sellers shall submit for approval of New York State Department of Health, Town Board of the Town of Chenango, a subdivision map * * * and shall make all changes and corrections required in order to obtain approval of the same by the Department of Health and the said Town Board, as quickly as possible, and with no unreasonable delay and as soon as approved, shall cause the said subdivision map to be recorded in Broome County Clerk’s Office. As part of the consideration for this agreement the Sellers shall also convey to Town of Chenango all streets and roadways shown on said subdivision map attached hereto ’ ’.
The defendant erected 20 homes on roads not approved by the Town Board of the Town of Chenango. It contends that under the agreement of April 26, 1963, the plaintiff had the obligation to secure the approval of the board. It further asserts that it was unable to close the deals for the sale of these homes because the mortgagee refused to do so until the roads were approved.
The defendant concedes that the parties agreed upon a final accounting on December 12,1964, but contends that the purpose of this agreement was to enable the plaintiff to secure funds to complete the work. It further contends that the plaintiff refused *1066 or was unable to secure the town’s approval for the road. The defendant states that on March 12,1965 it entered into an agreement with the Town of Chenango and the First City National Bank of Binghamton providing for a loan of $12,500 and obtained approval of the road by the Town of Chenango. The defendant denies that it owes money to the plaintiff and alleges that it has spent $7,834.34 to obtain approval of the Town of Chenango and its acceptance of Pamela Drive. Finally, the defendant claims that the plaintiff owes it $1,802.29, together with additional sums that will be expended to finish the work.
In reply to the defendant’s contention that the plaintiff was obliged to secure board approval of the road, plaintiff points out that subdivision maps were recorded in the Broome County Clerk’s office on August 20, 1963, after acceptance and approval of all necessary governmental agencies. Plaintiff disputes defendant’s contention that the agreement of April 26, 1963 required him to put the road in condition and to obtain the acceptance of a deed to the road by the Town of Chenango. Plaintiff asserts that the agreement merely required him to convey the road to the Town of Chenango.
The plaintiff’s position is well taken. He fully complied with the terms of the agreement of April 26,1963. His sole obligation in regard to the road was to ‘ ‘ convey to the Town of Chenango all streets and roadways shown on said subdivision map.” The plaintiff was not required to procure the acceptance of the road by the town.
Regardless of the defendant’s contentions about the proper interpretation of the agreement of April 26, 1963, the accord or account stated executed by the parties on December 12, 1964 establishes the plaintiff’s right to summary judgment. An account stated ordinarily consists of an examination of the different items of account between two parties, followed by the striking of a balance and an agreement by them as to the correctness of the balance. (See Spellman v. Muehlfeld, 166 N. Y. 245, 248 ; 2 Mottla, New York Evidence, Proof of Cases [2d ed.j, p. 561.) It is clear that the defendant agreed to pay the sum of $6,032.05 to the plaintiff in full settlement of all his claims.
We cannot give credence to the defendant’s contentions that when the account stated was executed by the parties, they entered into a further oral agreement that the plaintiff was to expend sums necessary to obtain the approval and acceptance of the road by the Town of Chenango. Such proof would be inadmissible since it contravenes the parol evidence rule. When parties have entered into a written contract to which they have *1067 both assented as the complete and accurate integration of that contract, parol evidence of understandings or negotiations will not be admitted for the purpose of varying or contradicting the writing. (3 Corbin, Contracts [1951], p. 215; 44 Cornell L. Q. 124.)
Aside from the evidentiary problem, defendant’s position is further weakened by the existence of a letter written on March 1, 1965, by the defendant to Darwin Wales. At a time when the defendant was obviously aware that it would be required to expend additional sums of money to obtain the acceptance by the town of Pamela Drive, the defendant acknowledged and admitted its indebtedness to the plaintiff in the sum of $6,032.05.
The plaintiff is entitled to summary judgment against the defendant in the sum of $6,032.05, with interest from December 12, 1964, together with motion costs in the amount of $10.