■ JOAN MARINO, Doing Business as MARINO ADVERTISING AND MEDIA SERVICE, Respondent, v DEBBIE A. WATKINS, Defendant, and ASHLY PHOTO SERVICES, INC., et al., Appellants.— Casey, J. Appeal from that part of a judgment of the Supreme Court at Special Term (Shea, J.), entered September 27, 1984 in Albany County, which granted plaintiff's motion for summary judgment with respect to the second cause of action against the corporate defendants and dismissed said defendants' counterclaim.

Plaintiff, operator of an advertising agency, was retained orally in March 1983 to plan, purchase and coordinate television and radio advertisements for the corporate defendants. Details in connection with planning, purchasing and coordinating were left to her expertise and judgment. By memorandum dated March 4, 1983, plaintiff confirmed the agreement

and acknowledged that "budgets and expenditures are subject to * * * [Berne Watkins'] approval or that of an authorized person". From March 1983 to January 26, 1984, plaintiff rendered services to the corporate defendants. She terminated her services on the last mentioned date for nonpayment of her submitted invoices. While performing services for the corporate defendants, plaintiff dealt and worked almost exclusively with defendant Debbie A. Watkins, district manager for the corporate defendants. Berne Watkins, president of the corporate defendants, is the father of defendant Watkins and a nonparty. Plaintiff submitted invoices for her services on a monthly basis. The first eight invoices, ranging in amounts from $3,990.40 to $11,071, were paid in full, sometimes by checks issued by defendant Watkins. The ninth invoice, dated November 10, 1983, was only partially paid, and at this time the corporate defendants defaulted in payments and failed to pay the invoices dated December 4, 1983, January 10, 1984 and February 5, 1984. These amount to $14,324.62 and are the subject of plaintiff's suit herein.

Subsequent to the account being in arrears, plaintiff met with defendant Watkins and thereafter with Berne Watkins concerning the nonpayment of the last submitted invoices. Plaintiff requested action by letter dated January 17, 1984. On January 19, 1984, Berne Watkins replied by letter purporting to enclose postdated checks "totalling four thousand dollars ($4000.) on all accounts which are to be deposited every 30 days". This letter stated that "[d]uring this period I look forward to sending you additional checks. This will, hopefully, be just a starting point." In a postscript it was further stated that "[o]ther checks to follow later in the week". The post-dated checks amounted only to $1,000, not $4,000, so plaintiff commenced this suit. In her complaint, she alleges, *inter alia,* causes of action for account stated, breach of contract and quantum meruit. Defendants interposed a general denial, and the corporate defendants alleged a counterclaim for breach of contract. The counterclaim alleges that plaintiff's breach occurred by her failure to obtain the prior approval of Berne Watkins of her advertising purchases and in failing to adhere to his guidelines.

Special Term granted summary judgment to plaintiff on her cause of action for an account stated, which rendered her other two causes of action moot, and dismissed the corporate defendants' counterclaim. We affirm. An account stated is an agreement between the parties to an account based upon prior transactions between them (1 NY Jur 2d, Accounts and Ac-

counting, § 10). In these circumstances, the absence of defendants' objection within a reasonable time to plaintiff's invoices implies an account stated (*Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 154; *Corr v Hoffman,* 256 NY 254, 266). The undisputed course of dealings between these parties reveals that plaintiff's services were within the contemplated budget of defendants, and that the services were beneficial to defendants' business. Although the approval of Berne Watkins had not been obtained, his approval was unnecessary when his daughter, defendant Watkins, acted as authorized agent on behalf of the corporate defendants in regard to plaintiff's services. The first eight invoices were paid without Berne Watkins' approval and sometimes by check issued by defendant Watkins. There can be no doubt, therefore, that defendant Watkins was a person authorized to act on behalf of the corporate defendants. It was only when the ninth invoice for payment was submitted that Berne Watkins raised any question about limiting plaintiff's purchases in regard to $300 and $475 advertising spots. Even after that, Berne Watkins acknowledged the corporate defendants' indebtedness to plaintiff in his letter of January 19, 1984, quoted above. Although this letter questioned the accumulation of $6,500 worth of bills in a 12-day period, the prior invoices and payments indicated nothing extraordinary in this regard.

This letter and the prior dealings of the parties establish the existence of an account stated in favor of plaintiff (*Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 432-433), as found by Special Term. Having accepted and paid for plaintiff's services and having accepted the services and retained the bills for the unpaid services without objection for several months, and no equitable considerations to the contrary being present, plaintiff's account must be considered conclusive (*Chisholm-Ryder Co. v Sommer & Sommer, supra; see also, Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028; *Milstein v Montefiore Club,* 47 AD2d 805).

This determination renders the corporate defendants' counterclaim legally insufficient. The judgment of Special Term should, therefore, be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.