■ STANDARD MICROSYSTEMS CORP., Appellant, v ACCESS DATA PRODUCTS, INC., Respondent.—In an action to recover damages for goods sold and delivered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 17, 1987, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from,

with costs, the motion is granted and the defendant's counterclaims are severed.

The plaintiff commenced this action to recover over $33,000 for goods sold and delivered to the defendant. The defendant's verified answer interposed affirmative defenses and counterclaims based upon an alleged misrepresentation by the plaintiff as to an exclusive distributorship agreement between the parties.

We find that the defendant failed to produce sufficient evidentiary proof in admissible form to defeat the plaintiff's motion for summary judgment on the complaint (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).

The defendant does not dispute the price of the goods, that they were ordered by the defendant from the plaintiff, that they were delivered to the defendant without objection, and that the defendant never remitted payment. The mere assertion of counterclaims does not prevent the granting of summary judgment on the complaint (see, Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361, affd 17 NY2d 890).

Where, as here, a defendant has failed to show that its damages on the counterclaims would equal or exceed the amount demanded in the complaint and that the counterclaims are so inseparable from the plaintiff's cause of action that entry of judgment thereon would prejudice the defendant, summary judgment should not be withheld from the plaintiff (see, Dalminter, Inc. v Dalmine, S.p.A., 29 AD2d 852, 853, affd 23 NY2d 653). We note that the defendant's mere conclusory and unsubstantiated assertion that discovery is necessary to enable it to establish the amount of its damages is unavailing (see, Friends of Animals v Associated Fur Mfrs., supra, at 1068). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.