■ CARL ZEISS, INC., Appellant, v MICRO MED INSTRUMENTS, INC., Respondent.—In an action, *inter alia,* to recover damages

for goods sold and delivered, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 16, 1990, as denied those branches of its motion which were for summary judgment in its favor on its first, third, fourth, and fifth causes of action, for summary judgment dismissing the defendant's fourth counterclaim, and for summary judgment dismissing the defendant's third and fourth affirmative defenses.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied those branches of the plaintiff's motion which were for summary judgment on its first, third, fourth, and fifth causes of action, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying those branches of the plaintiff's motion which were to dismiss the defendant's third and fourth affirmative defenses, and substituting therefor a provision granting those branches of the motion, and (3) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's fourth counterclaim and substituting therefor a provision granting that branch of the motion to the extent of dismissing the claim to recover $182,174 for inventory that the defendant claims the plaintiff was obligated to repurchase, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff commenced this action to recover, *inter alia,* $426,334.25 for goods sold and delivered to the defendant. The defendant's verified answer interposed four affirmative defenses and five counterclaims to recover, *inter alia,* $489,548 in unpaid commissions and $182,174 for inventory that the defendant claims the plaintiff was obligated to repurchase.

The defendant failed to produce sufficient evidentiary proof in admissible form to defeat those branches of the plaintiff's motion which were for summary judgment on its first, third, fourth and fifth causes of action *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). The defendant does not dispute the price of the goods, that they were ordered by the defendant from the plaintiff, that they were delivered to the defendant without objection, and that the defendant never remitted payment. The mere assertion of counterclaims does not prevent the granting of summary judgment on the complaint when, as here, the counterclaims are sufficiently separable from the plaintiff's causes of action *(see, Dalminter, Inc. v Dalmine S.p.A.,* 29 AD2d 852, 853, *affd*

23 NY2d 653; *see also, Standard Microsystems Corp. v Access Data Prods.,* 138 AD2d 479). Moreover, the plaintiff is entitled, as a matter of law, to immediate possession of the defendant's inventory *(see,* UCC 9-503) and, pursuant to the terms of the security agreement between the parties, to inspection of the defendant's books and records.

The defendant has tendered no evidentiary proof in any form of the plaintiff's alleged obligation to repurchase its inventory *(see, Friends of Animals v Associated Fur Mfrs., supra).* Thus, the Supreme Court should have granted the branch of the plaintiff's motion which was for summary judgment dismissing that portion of the defendant's fourth counterclaim which seeks to recover $182,174 for inventory that the defendant claims the plaintiff was obligated to repurchase.

On the other hand, there is a triable issue of fact with regard to the dollar amount of the commissions that the plaintiff owes the defendant which precludes the granting of summary judgment on the remainder of the defendant's fourth counterclaim *(see,* CPLR 3212 [b]).

The defendant's third and fourth affirmative defenses should have been dismissed since they are not in the nature of defenses, but rather duplicative counterclaims for unpaid commissions *(see,* CPLR 3211 [b]). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.