■ COLONIAL PLUMBING CORPORATION, Appellant, v PITCH PIPE PLUMBING, INC., et al., Respondents. (And A Third-Party Action.) [596 NYS2d 585] —Mercure, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered December 10, 1991 in Albany County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Plaintiff, a wholesaler of plumbing fixtures, parts and supplies, commenced this action to recover the $32,971.18 balance due on the running credit account of defendant Pitch Pipe Plumbing, Inc., a plumbing contractor. Liability is claimed against defendant James Fiorino, Pitch Pipe's president and a 50% shareholder, on his written guarantee of Pitch Pipe's account. Following joinder of issue and the commencement of a third-party action, plaintiff moved for summary judgment for the relief demanded in the complaint. Supreme Court denied the motion and plaintiff appeals.

While it is undisputed that the credit purchases forming the basis for plaintiff's action were actually made in the name of Pitch Pipe by its duly authorized officers or agents, it is defendants' contention that they are not liable for the account because Pitch Pipe's other shareholders and officers, third-party defendants (Bruce Boswell and Steven T. Boswell), used Pitch Pipe's account with plaintiff "in order to complete their own projects" and did not pay Pitch Pipe for the charges. We disagree. In our view, defendants failed to oppose plaintiff's prima facie showing of entitlement to judgment as a matter of law on its cause of action upon an account stated *(see, Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745) with evidence raising a legitimate factual issue *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, Supreme Court should have granted plaintiff's motion for summary judgment.

At the time Pitch Pipe established its credit account with plaintiff, it furnished plaintiff with a signed writing in which it identified third-party defendants as principals of the corpo-

ration, guaranteed payment of the account at all times and agreed to give plaintiff notice in writing if credit was to be discontinued. Although plaintiff furnished Pitch Pipe with monthly statements of its account throughout the relevant period, Pitch Pipe never challenged any of the charges, disputed the balance of the account or gave notice that third-party defendants were no longer authorized to make credit purchases on behalf of the corporation. Further, defendants point to no other circumstances that would have suggested to plaintiff that the credit purchases were being diverted to an unauthorized use. Having clothed third-party defendants with actual authority to make credit purchases from plaintiff and having voiced no objection to charges made over a period of approximately 18 months, Pitch Pipe is bound by their acts (see, *Hanover Natl. Bank v American Dock & Trust Co.,* 148 NY 612; 15 NY Jur 2d, Business Relationships, § 900, at 148-149).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion; motion granted and plaintiff is awarded summary judgment; and, as so modified, affirmed.