■ JIM-MAR CORPORATION, Formerly Known as RAVENA WELDING, INC., Respondent, v AQUATIC CONSTRUCTION, LTD., Formerly Known as PADDOCK CONSTRUCTION, LTD., Appellant. [600 NYS2d 790] —Levine, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 28, 1992 in Albany County, upon a decision of the court in favor of plaintiff.

In June 1984, the parties entered into an agreement whereby plaintiff agreed to fabricate, according to defendant's plans and specifications, steel components for a hotel swimming pool that defendant had contracted to install for a third party. The parties orally agreed on a contract price of $24,800 for the steel components. During the course of the project plaintiff fabricated certain "extras" for defendant. All fabrication was completed by October 1984 and defendant completed the installation shortly thereafter. During the installation process defendant informed plaintiff that there were two minor fabrication errors, one of which, potentially, could result in a chargeback against plaintiff's bill. Plaintiff sent representatives to the installation site and thereafter remedied the errors at no charge.

The testimony was that, pursuant to the parties' billing custom on various jobs dating back to 1982, defendant would assign and remit a purchase order to plaintiff regarding the particular steel fabrication either before, during or upon completion of a project. Plaintiff would then attach its billing invoice to the purchase order and submit it to defendant for

payment. When plaintiff failed to receive a purchase order after the subject project here was completed, plaintiff's president, James Flach, several times contacted an employee of defendant who was unable to explain why a purchase order was not sent out. Finally, still having not received a purchase order for this project, plaintiff sent defendant a billing invoice (unaccompanied by a purchase order) on November 28, 1986 setting forth the previously agreed amount due of $24,800. Plaintiff's cover letter indicated that amount due, and that plaintiff would not pursue payment for the "extras". When defendant failed to remit payment or respond to plaintiff's invoice, plaintiff in April 1987 visited defendant's place of business and spoke to defendant's employee who stated, without further explanation, that she was authorized to offer $18,000 as payment in full. Plaintiff thereafter arranged a meeting with defendant in May 1987 at which defendant communicated for the first time that it did not intend to pay plaintiff the full amount for the project because problems on the project resulted in cost overruns.

Plaintiff then commenced this action against defendant alleging, *inter alia,* a cause of action for an account stated for the agreed price. At the bench trial, plaintiff called as witnesses three of its employees and defendant did not call any witnesses.

Supreme Court, *inter alia,* granted plaintiff a judgment against defendant on its cause of action for an account stated in the sum of $24,800 with interest, finding that the "invoice and [cover] letter of plaintiff's president, both dated November 28, 1986, received and retained by the defendant without objection, coupled with the course of dealings between the parties, establishes the existence of an account stated in favor of the plaintiff in the sum of $24,800.00". This appeal followed.

We affirm. An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due *(Marino v Watkins,* 112 AD2d 511, 512; *see, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 153-154; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431; 1 NY Jur 2d, Accounts and Accounting, § 10). The agreement may be express or, as here, implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances *(see, Interman Indus. Prods. v R. S. M. Electron Power, supra; Corr v Hoffman,* 256 NY 254, 266; *Spellman v*

*Muehlfeld,* 166 NY 245; *Chisholm-Ryder Co. v Sommer & Sommer, supra).* Here, defendant impliedly agreed to pay the amount due as reflected in plaintiff's invoice when defendant received and retained it without rejecting it or objecting to it within a reasonable period of time *(see, Chisholm-Ryder Co. v Sommer & Sommer, supra,* at 431; *see also, Marino v Watkins, supra,* at 513; *Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745, 746). Under these circumstances, defendant was bound to examine the invoice and raise any objections, and its "[s]ilence is deemed acquiescence and warrants enforcement of the implied agreement to pay" *(Chisholm-Ryder Co. v Sommer & Sommer, supra,* at 431). Plaintiff, through the testimony of its employees, made out a prima facie case of an account stated having submitted evidence that, in accordance with the prior practice of the parties, it rendered an account to defendant in November 1986 and that defendant retained the account without voicing any objection to the accuracy of the account until the parties' May 1987 meeting *(see, Marino v Watkins, supra; see also,* 1 NY Jur 2d, Accounts and Accounting, § 10; *Colonial Plumbing Corp. v Pitch Pipe Plumbing,* 192 AD2d 915).

Defendant failed to rebut the inference that it agreed to the account by tendering evidentiary proof of circumstances tending to show a contrary inference *(see, Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028; *see also, Spellman v Muehlfeld, supra,* at 248; 1 NY Jur 2d, Accounts and Accounting, §§ 19, 28). Neither defendant's communication to plaintiff during the installation process about potential backcharges for fabrication errors, that plaintiff promptly responded to and corrected without further complaint by defendant, nor its offer of partial payment constituted objections to the payment of the account rendered *(see, Rosenman Colin Freund Lewis & Cohen v Edelman,* 160 AD2d 626, *lv denied* 77 NY2d 802; *Agri Fin. v Senter,* 105 AD2d 560, *lv denied* 64 NY2d 603; *Chisholm-Ryder Co. v Sommer & Sommer, supra,* at 431). Indeed, defendant never at any time actually made a claim for a backcharge or notified plaintiff of its amount, or raised it as an objection to the account rendered. Likewise, defendant never offered an explanation for its delay of over five months in rejecting the account rendered, and we agree that the delay was unreasonable *(see, Marino v Watkins, supra).*

Because the findings and determination of Supreme Court are not against the weight of the credible evidence nor contrary to law, they should not be disturbed.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.