■ BONDED CONCRETE, INC., Respondent, v T.J. MADDEN CONSTRUCTION COMPANY, INC., et al., Appellants. [655 NYS2d 153] —White, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered November 8, 1995 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered February 29, 1996 in Albany County, which denied defendants' motion for reconsideration.

The essential facts underlying these appeals are that in the 1994 construction season T.J. Madden Construction Company, Inc. (hereinafter defendant) was engaged in a bridge reconstruction project in the County of Albany for which plaintiff supplied concrete. During the course of the project, plaintiff made 28 deliveries of concrete and rendered over 30 invoices to de-

fendant that totaled $25,508; defendant, however, only paid a small portion of this sum, leaving a balance due of $22,532. To recover this sum, plaintiff commenced this action wherein it alleged, *inter alia*, a cause of action predicated upon CPLR 3016 (f). Defendant responded with an answer containing two counterclaims, one sounding in negligence and the other in breach of contract, alleging that on July 30, 1994, plaintiff delivered nonconforming concrete causing it to sustain delay damages.

Shortly after issue was joined, plaintiff moved for partial summary judgment on its CPLR 3016 (f) cause of action and for an order striking defendant's answer. Defendant cross-moved for leave to amend its answer to assert an affirmative defense based upon UCC 2-717. Supreme Court granted plaintiff's motion in its entirety, finding that defendant's counterclaims lacked merit as there was no evidence that it was damaged. Defendant's cross motion was denied as academic. Defendant then sought leave to renew which Supreme Court denied, finding that defendant failed to offer a justifiable excuse for not submitting its new evidence on the original motion. Defendant's appeals from the two orders, as limited by its brief, are addressed to Supreme Court's dismissal of its counterclaims.

Recognizing that plaintiff's motion was initiated just four months after issue was joined while discovery was in its preliminary stages and that material information required by defendant to establish its counterclaims was in the possession of the State Department of Transportation, we conclude that defendant did have a valid excuse for its failure to timely submit its new evidence and that Supreme Court improperly denied its application to renew. Inasmuch as defendant's new evidence establishes that plaintiff did deliver nonconforming concrete on July 30, 1994 that forced defendant to shut down the project and thereby incur delay damages, we find that there are material issues of fact sufficient to defeat plaintiff's motion addressed to defendant's counterclaim for breach of contract (*see*, *White & Son v Gosier*, 219 AD2d 866, 867; *Milligan Contr. v Mancini Assocs.*, 174 AD2d 136, 138-139). The existence of this counterclaim does not mandate the denial of plaintiff's summary judgment motion pertaining to its CPLR 3016 (f) cause of action since, given the fact that the counterclaim is predicated upon only one delivery of concrete, defendant has not sufficiently shown that its damages will equal or exceed the amount of plaintiff's judgment and that the counterclaim is so inseparable from plaintiff's cause of action that entry of

judgment thereon would prejudice it (see, *Standard Microsystems Corp. v Access Data Prods.*, 138 AD2d 479, 480). So that plaintiff's judgment remains unaffected, we shall sever defendant's second counterclaim from this action.

Finally, the dismissal of defendant's counterclaim sounding in negligence was proper since, absent circumstances not present here, a simple breach of contract does not give rise to a negligence cause of action (see, *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order entered February 29, 1996 is reversed, on the facts, without costs, and motion for renewal granted. Ordered that the order entered November 8, 1995 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion dismissing defendants' second counterclaim; motion denied to that extent and said counterclaim severed from this action; and, as so modified, affirmed.