■ RONA-TECH CORP., Respondent, v LEARONAL, INC., Appellant, and PETER J. ACCARDI et al., Respondents. [680 NYS2d 264] —In an action, *inter alia,* to recover damages for breach of contract, the defendant LeaRonal, Inc., appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered January 27, 1998, which denied its motion for partial summary judgment on its first counterclaim for possession of collateral pursuant to a security agreement and on its sixth counterclaim for an account stated in the amount of $477,100.10.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for partial summary judgment is granted, the complaint and the second through fifth counterclaims are severed, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

The defendant LeaRonal, Inc. (hereinafter LeaRonal), established prima facie its entitlement to judgment on the sixth counterclaim for an account stated based on evidence that it sent certain invoices to the plaintiff, Rona-Tech Corp. (hereinafter Rona-Tech), for goods sold and delivered, that

Rona-Tech retained the invoices without objecting to them within a reasonable time, and that $477,100.10 remained unpaid (*see, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 154; *Werner v Nelkin,* 206 AD2d 422; *Jim-Mar Corp. v Aquatic Constr.,* 195 AD2d 868; *Cibro Petroleum Prods. v Onondaga Oil Co.,* 144 AD2d 152; *Marino v Watkins,* 112 AD2d 511).

Rona-Tech failed to present evidence to support its contention that it was not in default. Although Rona-Tech contends that the parties engaged in a course of dealings which altered the payment terms specified in the invoices (*see,* UCC 2-202), the evidence, at most, established that Rona-Tech routinely paid the invoices two or three weeks late. Even under those payment terms, Rona-Tech was in default. The conclusory allegation of Rona-Tech's president that payment of the subject invoices depended upon the outcome of an annual meeting with LeaRonal regarding commissions was unsupported by evidence in the record. Accordingly, LeaRonal was entitled to partial summary on its sixth counterclaim in the amount of $477,100.10.

Pursuant to the parties' security agreement, LeaRonal is entitled to immediate possession of, *inter alia,* Rona-Tech's accounts receivable based on its failure to pay the subject invoices (*see,* UCC 9-503; *Carl Zeiss, Inc. v Micro Med Instruments,* 186 AD2d 778).

Finally, Rona-Tech's claims against LeaRonal, *inter alia,* for unpaid commissions and breach of a distributorship agreement are severable from LeaRonal's first and sixth counterclaims (*see, Carl Zeiss, Inc. v Micro Med Instruments, supra*; *Sunbeam Corp. v Morris Distrib. Co.,* 55 AD2d 722). There is no evidence that LeaRonal is financially unstable or that Rona-Tech would be prejudiced by the entry of judgment in LeaRonal's favor. Accordingly, entry of judgment in LeaRonal's favor on its counterclaims should not be stayed until after resolution of Rona-Tech's claims (*see, Stigwood Org. v Devon Co.,* 44 NY2d 922; *Carl Zeiss, Inc. v Micro Med Instruments, supra; Sunbeam Corp. v Morris Distrib. Co., supra*).

Rona-Tech's remaining contentions are without merit. Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.