■ Tru-Temp Industrial Supply Co., Respondent, v Flower City Asbestos, Inc., et al., Appellants, et al., Defendants. [724 NYS2d 800] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Flower City Asbestos, Inc. and Flower City Insulation Sales and Contractors, Inc. (defendants) appeal from an order purporting to grant plaintiff's motion for partial summary judgment as to liability. The oral decision attached to the order and made a part thereof makes clear that the basis for the order is an account stated. That theory was not alleged in the complaint, nor argued in plaintiff's motion papers. The motion sought partial summary judgment on plaintiff's cause of action for breach of contract. That motion was implicitly denied. We agree with defendants that plaintiff is not entitled to partial summary judgment on either ground.

It is undisputed that defendants obtained construction materials from plaintiff on an open account over a number of years. The complaint alleges that the invoices are too voluminous to attach; plaintiff instead attaches a three-page "account analysis" purporting to show, on a weekly basis between January 7, 1996 and January 3, 1999, the combined beginning balance owed by both defendants, their total new purchases and total payments, the difference between their total purchases and payments, and their ending combined balance, which allegedly totals $519,254.13. There is no indication in the record that the "account analysis" had previously been presented to defendants. " 'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869, *lv denied* 82 NY2d 660). 'The agreement may be express

or \* \* \* implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances' (*Jim-Mar Corp. v Aquatic Constr., supra*, at 869). An essential element of an account stated is an agreement regarding the amount of the balance due (*see, Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154; *see generally*, 1 NY Jur 2d, Accounts and Accounting, § 18)" (*Sisters of Charity Hosp. v Riley*, 231 AD2d 272, 282). Because there is no evidence that the "account analysis" attached to the complaint was previously presented to defendants, it cannot constitute a statement retained by defendants for a sufficient time so that defendants' agreement to the amount of the balance due may be implied. Nor do any of the other documents in the record meet that test.

In any event, we note that, because an account stated requires agreement, either express or implied, to the amount due (*see, Interman Indus. Prods. v R. S. M. Electron Power, supra*, at 153-154), partial summary judgment on an account stated is both a legal and a logical impossibility.

Contrary to the alternative contention of plaintiff, Supreme Court's implicit denial of its motion for partial summary judgment on the breach of contract cause of action was proper. Defendants have specifically disputed over 750 enumerated invoices and have challenged over 335 instances in which plaintiff applied money paid on account to sales taxes with respect to projects defendants contend were nontaxable. Thus, there are numerous factual issues in dispute that preclude an award of partial summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.