■ MICHAEL WOLFSON, Respondent, v ROCKLEDGE SCAFFOLDING CORP., Appellant, and IRW RESTORATION CORP., Respondent, et al., Defendants. [888 NYS2d 751]—

In an action to recover damages for personal injuries, the defendant Rockledge Scaffolding Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated October 23, 2008, as denied its motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Rockledge Scaffolding Corp., in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On the afternoon of October 28, 2003, the plaintiff tripped and fell over an elevation differential in the sidewalk, in front of 233 Broadway, in Manhattan, which was less than an inch in magnitude. He subsequently commenced the present action, naming as defendants various entities, including the appellant, a company which erected scaffolding in front of the premises.

The evidence submitted by the appellant in support of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, including, inter alia, the deposition testimony of Vincent Baffa, the building manager of 233 Broadway, established, prima facie, that the scaffolding

erected by the appellant did not cause or create the alleged sidewalk defect which caused the subject accident (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The bare affirmation of the plaintiff's attorney, who demonstrated no personal knowledge of the manner in which the scaffolding was erected, was without evidentiary value and failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]). According, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.