■ MATTEAWAN ON MAIN, INC., Appellant, v CITY OF BEACON, Respondent. [924 NYS2d 139]—

In an action, inter alia, to recover money had and received, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 10, 2010, which granted that branch of the defendant's motion which was to

dismiss the amended complaint for the plaintiff's failure to serve a timely notice of claim.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the amended complaint for the plaintiff's failure to serve a timely notice of claim is denied, and the matter is remitted to the Supreme Court, Dutchess County, for a determination of the remaining branches of the defendant's motion to dismiss the amended complaint.

The plaintiff is the owner of nonhomestead property in the City of Beacon. On October 15, 2008, the Mayor of the City announced at a special meeting of the Beacon City Council that the City's tax levy for 2008 and the 10 years prior thereto were improperly apportioned between homestead and nonhomestead properties, resulting in the overpayment of taxes by nonhomestead property owners. Subsequently, on June 1, 2009, the Mayor announced that the City would not refund any tax overpayments made by nonhomestead property owners.

On or about June 12, 2009, the plaintiff served a notice of claim upon the City. On or about October 15, 2009, the plaintiff commenced the instant action seeking a refund of all taxes it overpaid, alleging causes of action to recover money had and received, to recover damages for unjust enrichment in quasi contract, for declaratory relief, and for imposition of a constructive trust upon the overpayments. The plaintiff also sought to certify a class pursuant to CPLR article 9, consisting of all nonhomestead property owners in the City. On or about October 27, 2009, the plaintiff served an amended complaint as of right (see CPLR 3025 [a]).

In lieu of an answer, and by notice dated November 16, 2009, the City moved pursuant to CPLR 3211 to dismiss the amended complaint on the grounds that (1) the action was not commenced within the one-year statute of limitations set forth in Beacon City Charter § 9.10; (2) the plaintiff failed to serve a notice of claim upon the City within 90 days of the alleged wrongdoing in accordance with General Municipal Law § 50-e; (3) the pleadings failed to state a cause of action; and (4) the plaintiff failed to preserve its claim by protesting the alleged overpayment of taxes.

The Supreme Court granted that branch of the motion which was to dismiss the amended complaint on the ground that the notice of claim was not timely served pursuant to Beacon City Charter § 9.10. In light of its determination, the Supreme Court did not reach the remaining branches of the City's motion.

The Supreme Court incorrectly granted that branch of the

City's motion which was to dismiss the amended complaint for failure to serve a timely notice of claim upon the City because neither the notice of claim provision of Beacon City Charter § 9.10 relied upon by the Supreme Court, nor the notice of claim provision of General Municipal Law § 50-e relied upon by the City, applies to the instant case. Both of these notice of claim provisions apply to tort claims. Here, however, the plaintiff is seeking a refund of the overpayment of taxes, which is properly characterized as an action to recover money had and received, and sounds in quasi contract (*see Finke v City of Glen Cove*, 55 AD3d 785, 786 [2008]; *Hoydal v City of New York*, 154 AD2d 345 [1989]; *see also Rocks & Jeans v Lakeview Auto Sales & Serv.*, 184 AD2d 502 [1992]; *Riverdale Country School v City of New York*, 13 AD2d 103, 105 [1961], *affd* 11 NY2d 741 [1962]).

Therefore, the order must be reversed, and the matter remitted to the Supreme Court, Dutchess County, for a determination of those branches of the City's motion that were not addressed in the order, which remain pending and undecided. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.