■ FLEETWOOD AGENCY, INC., Respondent, v VERDE ELECTRIC CORP., Appellant. [925 NYS2d 576]—

In an action to recover damages for breach of contract, on an account stated, and for unjust enrichment, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Giacomo, J.), entered May 13, 2010, which denied its cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred or, alternatively, to dismiss the cause of action for an account stated pursuant to CPLR 3211 (a) (7), and granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and (2) a judgment of the same court entered June 2, 2010, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $48,693, with interest from June 1, 2004.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the complaint is denied, without costs or disbursements, and the order entered May 13, 2010, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred. To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing prima facie, that the time in which to sue has expired (*see Sabadie v Burke*, 47 AD3d 913, 914 [2008]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). Here, the defendant failed to meet its prima facie burden of establishing that the causes of action alleged in the complaint accrued more than six years prior to the commencement of the action (*see* CPLR 213; *Coombs v Jervier*, 74 AD3d 724 [2010]; *Erdheim v Gelfman*, 303 AD2d 714 [2003]).

The Supreme Court also properly denied that branch of the defendant's cross motion which was to dismiss the cause of action to recover on an account stated pursuant to CPLR 3211 (a) (7). "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]; *see M & A Constr. Corp. v McTague*, 21 AD3d 610 [2005]). "The agreement may be express or . . . implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d at 869). The plaintiff alleged that, pursuant to an agreement with the defendant, the plaintiff obtained performance and payment bonds for the defendant, that the plaintiff provided an invoice for the premium due on the services rendered and, thereafter, provided monthly invoices to the defendant detailing the balance due after an initial payment of $68,054. The plaintiff alleged that the defendant accepted these invoices without qualification or dispute. Viewing the complaint in the light most favorable to the plaintiff and accepting the factual allegations as true, the complaint sufficiently states a cause of action to recover on an account stated (*see Hussey v Leggio Agency*, 299 AD2d 690, 691 [2002]).

The plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law on its complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, the affidavit of the defendant's president raised triable issues of fact as to whether the defendant had disputed the amount due to the plaintiff for the plaintiff's services, whether the pricing of the services was in compliance with the industry standard, and whether the defendant was unjustly enriched. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.