■ Saeid Jalayer et al., Appellants, v Josephine Stigliano et al., Defendants, and Long Island Lighting Company et al., Respondents. [941 NYS2d 243]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated November 19, 2009, as granted those branches of the separate motions of the defendants Long Island Lighting Company and North Shore Cesspool Cleaning Company, Inc., which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the fourth cause of action, which sought damages for negligence, insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In November 2002 the plaintiffs Saeid Jalayer and Jinous Atai purchased the subject property from the defendant Estate of Anthony G. Stigliano. In March 2006, while excavating the property for construction purposes, the plaintiffs discovered that the soil contained coal ash and other waste material which allegedly was transported to the property by the defendants Long Island Lighting Company and North Shore Cesspool Cleaning Company, Inc. (hereinafter together the defendants).

On August 7, 2008, the plaintiffs commenced this action, inter alia, to recover damages for injury to the property. In the order appealed from, the Supreme Court, among other things, granted those branches of the separate motions of the defendants which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the fourth cause of action, which sought damages for negligence insofar as asserted against each of them.

In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]; *Krichmar v Scher*, 82 AD3d 1164, 1165 [2011]). The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether they actually commenced the action within the applicable limitations period (see *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358 [2011]). Here, the defendants made a prima facie showing that the fourth cause of action was time-barred (see *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]), and the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether they actually commenced the action within the applicable limitations period. Indeed, the plaintiffs did not oppose those branches of the defendants' separate motions which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss as time-barred the fourth cause of action to recover damages for negligence insofar as asserted against them. Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the fourth cause of action insofar as asserted against each of them.

The plaintiffs' remaining contention is not properly before this Court. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.