■ JACQUELINE MCCOVEY, Appellant, v DIONNE WILLIAMS, Doing Business as CLIP AND CURL BEAUTY PARLOR, Respondent. [962 NYS2d 690]—

In an action to recover damages for assault, battery, and false imprisonment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 21, 2011, as granted the defendant's cross motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On June 2, 2006, the plaintiff was a patron of the Clip and Curl Beauty Parlor when she allegedly was attacked by Christopher Morgan, who, she alleged in the complaint, was "an employee, lessee, tenant, partner, or agent" of the defendant. She commenced the instant action against the defendant, Dionne Williams, doing business as Clip and Curl Beauty Parlor, but did not sue Morgan directly. In support of her cross motion for summary judgment dismissing the complaint, the defendant submitted her own affidavit and an affidavit from Morgan. The affidavits established that Morgan was not an employee, lessee, tenant, partner, or agent of the defendant.

The plaintiff, in opposition, and in support of her cross motion for summary judgment on the complaint, raised a new theory of liability: that the defendant was negligent in that she failed to exercise her duty of reasonable care to prevent harm to patrons on her premises (*see Kranenberg v TKRS Pub, Inc.*, 99 AD3d 767, 768 [2012]). A plaintiff may successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's proof (*see Lombardo v Mastec N. Am., Inc.*, 68 AD3d 935 [2009]; *Boyle v*

*Marsh & McLennan Cos., Inc.,* 50 AD3d 1587, 1588 [2008]; *Lai v Gartlan,* 46 AD3d 237, 243 [2007]). However, in the instant case, the plaintiff's submission in support of the unpleaded cause of action was an affirmation of an attorney with no personal knowledge of the facts. That affirmation was not sufficient to raise a triable issue of fact to defeat the defendant's prima facie showing of entitlement to judgment as a matter of law with respect to the allegations in the plaintiff's pleadings (*see e.g. Wolfson v Rockledge Scaffolding Corp.,* 67 AD3d 1001, 1002 [2009]). Since the plaintiff submitted no evidence in admissible form in support of the unpleaded cause of action, she failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint and properly denied the plaintiff's cross motion for summary judgment on the complaint. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.