■ MATTEAWAN ON MAIN, INC., Respondent, v CITY OF BEACON, Appellant. [970 NYS2d 631]—

In an action, inter alia, to recover money had and received, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated September 2, 2011, as, upon remittitur from this Court by decision and order dated May 24, 2011 (*see Matteawan On Main, Inc. v City of Beacon*, 84 AD3d 1183 [2011]), denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the first, third, and fifth causes of action asserted in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (*see Jalayer v Stigliano*, 94 AD3d 702, 703 [2012]; *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]). The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period (*see Jalayer v Stigliano*, 94 AD3d at 703; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358 [2011]). To make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued (*see Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]).

Here, the plaintiff is seeking a refund of the overpayment of taxes, which is properly characterized as an action to recover money had and received, and sounds in quasi contract (*see Matteawan On Main, Inc. v City of Beacon*, 84 AD3d 1183, 1185 [2011]; *Rocks & Jeans v Lakeview Auto Sales & Serv.*, 184 AD2d 502 [1992]; *Riverdale Country School v City of New York*, 13 AD2d 103, 105 [1961], *affd* 11 NY2d 741 [1962]). A cause of action to recover money had and received accrues when the taxes

were paid (*see Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown*, 18 NY3d 474 [2012]; *Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 93 [1975]; *Trimmer v City of Rochester*, 134 NY 76, 77 [1892]; *North Salem Cent. School Dist. v Mahopac Cent. School Dist.*, 1 AD3d 418, 419 [2003]; *Matter of Scarborough School Corp. v Assessor of Town of Ossining*, 97 AD2d 476, 476-477 [1983]). Although the defendant, the City of Beacon, contends that the first, third, and fifth causes of action asserted in the amended complaint accrued when the plaintiff paid the disputed taxes, it offered no evidence to establish when those taxes were paid. Thus, the City failed to establish its prima facie entitlement to relief pursuant to CPLR 3211 (a) (5), and that branch of the motion was properly denied (*see Swift v New York Med. Coll.*, 25 AD3d at 687).

We reject the City's contention that the Supreme Court should have granted that branch of its motion which was to dismiss the first, third, and fifth causes of action asserted in the amended complaint pursuant to CPLR 3211 (a) (7) because the plaintiff failed to allege that it paid the taxes in question under protest. Generally, there can be no recovery of taxes paid unless the payments were made involuntarily, i.e., under protest or duress (*see Video Aid Corp. v Town of Wallkill*, 85 NY2d 663, 666-667 [1995]; *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418, 425 [1957]; *Community Health Plan v Burckard*, 3 AD3d 724, 725 [2004]; *Bias Limud Torah v County of Sullivan*, 290 AD2d 856, 857-858 [2002], *amended* 305 AD2d 972 [2003]). However, recovery may be had without protest where the tax has been paid due to material mistake of fact (*see Mercury Mach. Importing Corp. v City of New York*, 3 NY2d at 425; *Adrico Realty Corp. v City of New York*, 250 NY 29 [1928]).

Contrary to the City's contention, the plaintiff's payments are alleged to have been made under a mistake of fact. The gravamen of the plaintiff's action is that it paid its real property taxes because it was unaware that the City had miscalculated the tax rates applied to homestead and nonhomestead properties and without knowledge that the miscalculation resulted in an incorrect apportionment between homestead and nonhomestead properties and excessive taxes for a number of years. Therefore, under the circumstances alleged in the complaint, the protest requirement is inapplicable (*see Genesee Brewing Co. v Village of Sodus Point*, 126 Misc 2d 827 [1984], *affd for reasons stated* 115 AD2d 313 [1985]). Accordingly, that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first, third, and fifth causes of action asserted in the

amended complaint for failure to state a cause of action also was properly denied. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.