In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered December 3, 2012, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.
Ordered that the order is affirmed, with costs.
On July 3, 2012, the plaintiff commenced this action against the defendant alleging that the defendant performed defective construction work. The Supreme Court properly denied the defendant’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. “In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period” (Matteawan On Main, Inc. v City of Beacon, 109 *915 AD3d 590, 590 [2013] [citations omitted]). “In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance” (City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]). “[Construction may be complete even though incidental matters relating to the project remain open” (State of New York v Lundin, 60 NY2d 987, 989 [1983]). Here, in opposition to the defendant’s prima facie showing that the construction project was completed on June 29, 2006, more than six years prior to the commencement of the action (see CPLR 213 [2]), the plaintiff raised an issue of fact as to whether certain work that remained uncompleted until after six years prior to the commencement of the action was not merely incidental to the project. Mastro, J.E, Dickerson, Lott and Hinds-Radix, JJ., concur.