In an action, inter alia, to recover damages for medical malpractice, the defendants Vassar Brothers Hospital and Mid Hudson Medical Group, EC., separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied their separate motions pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants Vassar Brothers Hospital and Mid Hudson Medical Group, EC., pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred are granted.
*923 According to the plaintiff, in July 2008, she sought treatment for her right knee and hip from the defendant Spyros Panos, a physican employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On August 28, 2008, Panos performed surgery on the plaintiffs right knee at the defendant Vassar Brothers Hospital (hereinafter Vassar). On November 22, 2011, the plaintiff commenced this action against Panos, Mid Hudson, and Vassar, inter alia, to recover damages for medical malpractice. Vassar and Mid Hudson separately moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred.
“In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period” (Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590, 590 [2013] [citations omitted]). Here, it is undisputed that the action was commenced after the applicable limitations period had lapsed. However, the plaintiff contends that the separate motions of Vassar and Mid Hudson were properly denied on the ground that discovery might have revealed evidence that would estop Vassar and Mid Hudson from raising a statute of limitations defense because they fraudulently concealed their wrongdoing from the plaintiff so as to prevent her from timely commencing a medical malpractice action (see CPLR 3211 [d]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]).
In opposition to Vassar’s motion, the plaintiffs counsel stated that, with further discovery, the plaintiff hoped to be able to establish that Vassar possessed knowledge of Panos’s medical malpractice, and that this knowledge, coupled with Vassar’s “allowing” Panos “to continue” his malpractice to the detriment of other patients, was a fraud perpetrated by Vassar on the public that should have estopped it from asserting a statute of limitations defense. Even if the plaintiff were able to establish these facts, however, they would not give rise to an estoppel. Where the alleged concealment consists of “nothing but defendants’ failure to disclose the wrongs they had committed, [the defendants are] not estopped from pleading a statute of limitations defense” (Corsello v Verizon N.Y., Inc., 18 NY3d at 789). A plaintiff must allege a “later fraudulent misrepresentation” made “for the purpose of concealing the former tort” (Ross v *924 Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007]; see Zumpano v Quinn, 6 NY3d 666, 674-675 [2006]). Since the facts that the plaintiff hoped to establish after discovery would not estop Vassar from asserting a statute of limitations defense, the Supreme Court should have granted Vassar’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.
In opposition to Mid Hudson’s motion, the plaintiffs attorney stated that, after the surgery, Panos falsely assured the plaintiff that his treatment was effective, and that Panos’s misrepresentations could be imputed to his employer, Mid Hudson, so as to estop Mid Hudson from raising a statute of limitations defense (see Simcuski v Saeli, 44 NY2d 442, 448 [1978]; Giannetto v Knee, 82 AD3d 1043, 1045-1046 [2011]). However, the plaintiffs attorney did not have personal knowledge of the facts; thus, his affirmation had no evidentiary value (see Wolfson v Rockledge Scaffolding Corp., 67 AD3d 1001, 1002 [2009]; Morales v Coram Materials Corp., 51 AD3d 86, 96 [2008]). Moreover, since the facts essential to opposing Mid Hudson’s motion in this regard were in the possession of the plaintiff, they did not constitute facts which “[could not] then be stated” (CPLR 3211 [d]). Accordingly, the Supreme Court should have granted Mid Hudson’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.
Rivera, J.P, Lott, Roman and Hinds-Radix, JJ., concur.