CINDY LOIODICE, Respondent, v BMW OF NORTH AMERICA, LLC, Appellant. [4 NYS3d 102]—

In an action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*), the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered February 7, 2013, as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the second and third causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the second cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On November 10, 2007, the plaintiff leased and accepted delivery of a new 2008 BMW 328xi, manufactured by the defendant BMW of North America, LLC (hereinafter BMW). The vehicle came with a "BMW 3 Series Service and Warranty Guide" setting forth "limited warranties," including the "New Vehicle Limited Warranty," effective for four years or 50,000 miles, covering the cost of all parts and labor necessary to repair or replace any defective part on the vehicle, except the tires.

In October 2010, the plaintiff purchased the vehicle. On several occasions over the next year, the plaintiff took the vehicle to authorized dealers for repairs on certain defects and nonconformities, but the problems persisted.

The plaintiff commenced the instant action against BMW on November 22, 2011. The second cause of action alleged a breach of written and implied warranties under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*; hereinafter the Warranty Act), and the third cause of action alleged a violation of General Business Law § 349.

BMW moved pursuant to CPLR 3211 (a), inter alia, to dismiss the second and third causes of action, claiming that they were time-barred. The Supreme Court denied those branches of BMW's motion.

In moving to dismiss a cause of action as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within

which to commence the action has expired (*see Jalayer v Stigliano*, 94 AD3d 702, 703 [2012]; *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (*see Jalayer v Stigliano*, 94 AD3d at 703; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358 [2011]). To make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued (*see Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]).

Claims brought under the Warranty Act are covered by the four-year statute of limitations prescribed by UCC 2-725 (*see Statler v Dell, Inc.*, 775 F Supp 2d 474, 481 [ED NY 2011]). That statute specifically defines the date of accrual to be "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered" (UCC 2-725 [2]).

Here, BMW met its prima facie burden by establishing that the plaintiff had four years from November 10, 2007, the date she accepted delivery of the vehicle, to commence the Warranty Act cause of action, but that this action was not commenced until November 22, 2011. In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or the action was actually commenced within the applicable limitations period (*see City of Yonkers v 58A JVD Indus., Ltd.*, 115 AD3d 635, 637 [2014]; *Matteawan On Main, Inc. v City of Beacon*, 109 AD3d 590 [2013]). The "New Vehicle Limited Warranty" did not guarantee future performance but only promised to repair or replace defective parts for a specified period of time (*see Amourgianos v Cummins Diesel Sales Corp.*, 2008 NY Slip Op 31952 [U], *7-9 [Sup Ct, NY County 2008]). Accordingly, the Supreme Court should have granted that branch of BMW's motion which was pursuant to CPLR 3211 (a) to dismiss the second cause of action, which alleged a breach of the Warranty Act, as time-barred (*see Banker v Vitanza*, 115 AD3d 690, 691 [2014]; *City of Yonkers v 58A JVD Indus., Ltd.*, 115 AD3d at 637; *Statler v Dell, Inc.*, 841 F Supp 2d 642, 648 [ED NY 2012]).

The Supreme Court properly denied that branch of BMW's

motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action, which alleged a violation of General Business Law § 349, as time-barred. Actions pursuant to General Business Law § 349 must be commenced within three years of the date of accrual (*see Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]; *Statler v Dell, Inc.*, 841 F Supp 2d at 648), which first occurs when the plaintiff has been injured by a deceptive act or practice that is in violation of section 349 (*see Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d at 210; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55-56 [1999]). As this cause of action is predicated on the sale of the vehicle, which took place in October 2010, it was timely commenced on November 22, 2011, within the three-year statute of limitations (*see* CPLR 214 [2]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d at 210). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.