OPINION OF THE COURT
Emily Pines, J.
In this action to recover damages for, among other things, breach of contract and breach of warranty, defendant Nuspark Engineering, Inc. moves (motion sequence 002), pursuant to CPLR 3211, to dismiss the plaintiff’s complaint as asserted against it. The plaintiff opposes the motion.
Factual and Procedural Background
In March 2009, the plaintiff U.S. Nonwovens Corp. entered into separate agreements with defendant Pack Line Corp. and defendant Nuspark Engineering, Inc. for the purchase of a custom automatic filling and sealing machine (Auto Tubber) for use in its business of producing nonwoven products including sanitary disposables and wipes. The Auto Tubber was to be comprised of several distinct components, with a conveyor system designed and manufactured by Nuspark. Plaintiff agreed to pay Nuspark $150,000 for the conveyor and installation and commissioning of the integrated machine.
On May 21, 2014, plaintiff commenced this action against Pack Line and Nuspark. Plaintiff alleges, among other things, that “[b]etween in or around December 2009 and August 2010, *213 the Auto Tubber was delivered, set up, installed and tested in [plaintiff’s] facility.” (Verified complaint ¶ 18.) Plaintiff also alleges that “[u]pon completion of installation, Pack Line tested the Auto Tubber, and it was immediately apparent that the machine was completely defective and unsatisfactorily manufactured.” (Verified complaint ¶ 19.) Plaintiff further alleges that “[immediately upon delivery, [plaintiff] made numerous complaints about the defective Auto Tubber to Pack Line and Nuspark.” (Verified complaint ¶ 27.) Plaintiff asserts causes of action for breach of contract, breach of the implied covenant of good faith, breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness, and unjust enrichment.
Nuspark now moves to dismiss the verified complaint as asserted against it. Nuspark initially contends that plaintiff’s claims against it pursuant to New York State law fail to state causes of action because they are preempted by the United Nations Convention on Contracts for the International Sale of Goods (S Treaty Doc No. 98-9, 52 Fed Reg 6262, reprinted in 15 USCA former Appendix [1997] [CISG]). Additionally, Nus-park argues that plaintiff’s claims are barred under the CISG because plaintiff failed to notify Nuspark of any alleged nonconformity of the conveyor designed and manufactured by Nuspark prior to the commencement of this action. Finally, Nuspark contends that plaintiff’s contractual claims are barred by the statute of limitations.
In opposition, plaintiff concedes that the CISG applies to its contract with Nuspark and that it preempts its state law contract claims. However, plaintiff argues that dismissal is not warranted because valid substantive claims for breach of contract, breach of implied covenant of good faith, and breach of implied and express warranty have been stated under New York law and the UCC, which satisfies the similar substantive requirements under the CISG for such claims. Plaintiff contends that its verified complaint sufficiently alleges that it provided the requisite notice to Nuspark of the lack of conformity of the conveyor by alleging that “[immediately upon delivery, [plaintiff] made numerous complaints about the defective Auto Tubber to . . . Nuspark.” Finally, plaintiff argues that its claims were commenced within the applicable four-year statute of limitations as its claims did not accrue until tender of delivery was complete which, plaintiff alleges, occurred in August 2010 when the contractually required *214 delivery, installation, integration and testing of the Auto Tubber were completed.
Discussion
As summarized by United States Senior District Judge Walls in Beth Schiffer Fine Photographic Arts, Inc. v Colex Imaging, Inc. (2012 WL 924380, *7, 2012 US Dist LEXIS 36695, *18-19 [D NJ, Mar. 19, 2012, No. 10-CV-05321]):
“Ratified by the United States on December 11, 1986, the CISG ‘applies to contracts of sale of goods between parties whose places of business are in different States . . . when the States are Contracting States.’ CISG Art. l(l)(a). See Forestal Guarani S. A. v. Daros International, Inc., 613 F.3d 395, 397 (3d Cir. 2010) . . . The CISG is a self-executing treaty that preempts contrary provisions of Article 2 of the UCC and other state contract law to the extent that those causes of action fall within the scope of the CISG. U.S. Const., Art. VI; Medellin v. Texas, 552 U.S. 491, 504-05, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008). See American Mint LLC v. GOSoftware, Inc., No. 1:05-cv-650, 2005 WL 2021248, at *2-3 (M.D.Pa. Aug. 16, 2005) (noting that ‘if the CISG applies to the contract at issue, it will pre-empt domestic sales laws that otherwise would govern the contract.’). Outside the scope of the CISG, otherwise applicable state law governs the dispute. See Caterpillar Inc. v Usinor Industeel, 393 F Supp2d 659, 676 (N.D.Ill. 2005).”
In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7):
“The complaint must be liberally construed and the plaintiff given the benefit of every favorable inference. The court must also accept as true all of the facts alleged in the complaint and any factual submissions made in opposition to the motion. If the court can determine that the plaintiff is entitled to relief on any view of the facts stated, its inquiry is complete and the complaint must be declared legally sufficient. While factual allegations contained in the complaint are deemed true, bare legal conclusions and facts flatly contradicted on the record are not entitled to a presumption of truth.” (Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191, 193-195 [2d Dept 2009] [citations omitted].)
*215 Here, as mentioned above, plaintiff concedes that the CISG applies and preempts its state law contract claims. Thus, the issue is whether the claims as asserted in the verified complaint should be dismissed because they fail to state causes of action. The court agrees with plaintiff that dismissal of the claims for breach of contract and breach of express and implied warranties is not warranted.
“The elements of a breach of contract claim are the same [under the CISG and the UCC]; a [plaintiff] must show: ‘(1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by . . . plaintiff, (3) breach by . . . defendant and (4) resultant injury to . . . plaintiff.’ ” (Maxxsonics USA, Inc. v Fengshun Peiying Electro Acoustic Co., Ltd., 2012 WL 962698, *4, 2012 US Dist LEXIS 37938, *9 [ND Ill, Mar. 21, 2012, No. 10-C-1174, Leinenweber, J.], quoting Magellan Intl. Corp. v Salzgitter Handel GmbH, 76 F Supp 2d 919, 924 [ND Ill 1999].)
Under New York law, “[t]he elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant’s failure to perform, (4) resulting damage” (2 NY PJI2d 4:1 at 676 [2013]). Additionally, although the CISG does not specifically include the implied warranties of fitness and merchantability, CISG article 35 may properly be read to suggest them (Norfolk S. Ry. Co. v Power Source Supply, Inc., 2008 WL 2884102, 2008 US Dist LEXIS 56942 [WD Pa, July 25, 2008, No. 06-CV-58 J, Gibson, J.]; Electrocraft Arkansas, Inc. v Super Elec. Motors, Ltd., 2009 WL 5181854, 2009 US Dist LEXIS 120183 [ED Ark, Dec. 23, 2009, No. 4:09-CV-00318 (SWW), Wright, J.]). The fact that the verified complaint does not mention the CISG is not fatal to plaintiff’s claims for breach of contract and breach of express and implied warranties (see Citgo Petroleum Corp. v Odfjell Seachem, 2013 WL 2289951, 2013 US Dist LEXIS 72898 [SD Tex, May 23, 2013, No. H-07-CV-2950, Miller, J.]), as the verified complaint sufficiently alleges breach of contract and breach of warranty claims under the CISG (id.; Electrocraft Arkansas, Inc. v Super Elec. Motors, Ltd., 2009 WL 5181854, 2009 US Dist LEXIS 120183 [ED Ark, Dec. 23, 2009, No. 4:09-CV-318 (SWW)]). Accordingly, to the extent that Nuspark seeks dismissal, pursuant to CPLR 3211 (a) (7), of the claims for breach of contract, *216 breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness, the motion is denied.
However, because an express contract exists between plaintiff and Nuspark, the CISG preempts plaintiff’s claim for unjust enrichment and such is dismissed (see Semi-Materials Co., Ltd. v MEMC Elec. Materials, Inc., 2011 WL 134062, 2011 US Dist LEXIS 1787 [ED Mo, Jan. 10, 2011, No. 4:06-CV-1426 (FKB), Buckles, M.J.]). Similarly, plaintiff’s claim for breach of the implied covenant of good faith is also dismissed because it is duplicative of the claim for breach of contract as it is based on the same underlying facts (see Weihai Textile Group Import & Export Co., Ltd. v Level 8 Apparel, LLC, 2014 WL 1494327, 2014 US Dist LEXIS 53688 [SD NY, Mar. 28, 2014, No. 11-Civ-4405 (ALCXFM), Carter, J.]).
Although Nuspark cites no authority in support of its contention that a plaintiff must plead compliance with the notice requirement of article 39 of the CISG, the verified complaint sufficiently alleges notice .of lack of conformity to Nuspark as plaintiff alleges that immediately upon delivery it made numerous complaints about the defective Auto Tubber to Nuspark (verified complaint ¶ 27). Thus, that branch of Nuspark’s motion which seeks to dismiss the claims as asserted against it pursuant to CPLR 3211 (a) (7) because plaintiff failed plead that it gave notice of lack of conformity to Nuspark is denied.
“In moving to dismiss a cause of action as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see Jalayer v Stigliano, 94 AD3d 702, 703 [2012]; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850 [2011]; Rakusin v Miano, 84 AD3d 1051 [2011]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (see Jalayer v Stigliano, 94 AD3d at 703; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358 [2011]). To make a prima facie showing, the defendant must establish, inter alia, when the plaintiff’s cause of *217 action accrued (see Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]).” (Loiodice v BMW of N. Am., LLC, 125 AD3d 723, 724-725 [2d Dept 2015].)
Here, the parties agree that because the CISG does not provide a statute of limitations, the four-year statute of limitations set forth in UCC 2-725 applies in this case. That section provides, in relevant part:
“(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .
“(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.” (UCC 2-725 [1], [2].)
Plaintiff claims that the breach of contract cause of action against Nuspark accrued in August 2010 when, as alleged in the verified complaint, the installation, integration and testing of the Auto Tubber machine was complete. Nuspark claims that plaintiff’s claims accrued in December 2009 upon delivery of the Auto Tubber. However, Nuspark’s agreement with plaintiff clearly and unequivocally obligated Nuspark to perform the installation and commissioning of the integrated machine. As such, the plaintiff’s causes of action accrued when installation of the unit was complete (see Franklin Nursing Home v Power Cooling, 227 AD2d 374, 375 [2d Dept 1996]). Accepting plaintiff’s allegation that installation was not completed until August 2010 as true, as the court must do, Nus-park has not met its burden of demonstrating that the time within which to commence the action expired before the action was commenced in May 2014. Although Nuspark may ultimately prevail on this defense, it has not demonstrated entitlement to dismissal under CPLR 3211 (a) (5) on this pre-answer motion. Accordingly, it is ordered that Nuspark’s motion is granted to the extent that the second and sixth causes of action as asserted against it are dismissed, and the motion is otherwise denied.