Slemish Corp. S.A. v Morgenthau (2021 NY Slip Op 01370)





Slemish Corp. S.A. v Morgenthau


2021 NY Slip Op 01370


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 109226/07 109227/07 590866/10 590867/10 Appeal No. 12651-12651A-12651B-12651C Case No. 2019-04716 

[*1]Slemish Corp. S.A., Plaintiff-Appellant,
v
Robert M. Morgenthau etc., Defendant-Respondent.
Tupi Cambios S.A., Plaintiff-Appellant,
v
Robert M. Morgenthau etc., Defendant-Respondent. [And a Third Party-Action]


Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Madeleine Guilmain of counsel), for respondent.



Judgments, Supreme Court, New York County (Martin Shulman, J.), entered May 6, 2019, dismissing plaintiffs' respective actions, and bringing up for review orders, same court and Justice, entered October 14, 2016, which, inter alia, denied plaintiffs' motion for partial summary judgment on their 4th causes of action for money had and received, and amended/supplemental orders, same court and Justice, entered on or about January 13, 2017, which amended the October 14, 2016 order to grant defendant's motion for summary judgment dismissing the 7th causes of action challenging the constitutionality of CPLR 1311(7), unanimously affirmed, without costs.
Plaintiffs' claim for money had and received is barred by their failure to file a notice of claim.[FN1] Defendant argues that a notice of claim was required by General Municipal Law (GML) §?50-k(6) and County Law § 52. GML 50-k, entitled "Civil actions against employees of the city of New York," provides, at subsection (6): 
"Every action or proceeding instituted hereunder, including an action brought to enforce a provision of sections [1981] through [1988] of title forty-two of the United States code, shall be commenced pursuant to [GML § 50-i] and within one year and ninety days. No action or proceeding instituted hereunder, other than one instituted pursuant to sections [1981] through [1988] of title forty-two of the United States code shall be prosecuted or maintained against the city or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with [GML § 50-e] and within ninety days after the claim arises." 
Defendant does not dispute that the District Attorney of the county of New York is considered a city employee for purposes of GML section 50-k. The issue is whether, as a non-tort, plaintiff's claim for money had and received had to be predicated by a notice of claim. Defendant argues that it did, since the section refers to "[e]very action and proceeding." This, however, is incorrect. The section refers to actions commenced "pursuant to [GML 50-i]" and "compliance with [GML 50-e]." Both of those sections refer exclusively to tort cases, and when considered in the context of the entire statutory scheme it is clear that section 50-k's notice requirement is limited to tort cases. Accordingly, no notice of claim was required for the money had and received cause of action, which sounds in quasi-contract (see Matteawan On Main, Inc. v City of Beacon, 84 AD3d 1183, 1184-1185 [2d Dept 2011]). 
Defendant falls back on the position that, even if no notice of claim was required under GML section 50-k, one was required under County Law section 52. That statute provides: 
"Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been [*2]caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with [GML 50-e]. Every action upon such claim shall be commenced pursuant to the provisions of [GML 50-i]." 
Although this section also refers to GML sections 50-e and 50-i, the Court of Appeals has expressly held that it applies to non-tort claims (Boyle v Kelley, 42 NY2d 88, 91 [1977]). Further, County Law section 52 applies to county employees, since the defendant in Boyle was the Suffolk County police commissioner. Nevertheless, plaintiffs assert that in arguing for application of the County Law, the District Attorney is trying to have it both ways, since he claims to be a city employee for purposes of the General Municipal Law, but a county employee for purposes of the County Law. It is true that New York City law considers the District Attorney to be a city employee (Ramos v City of New York, 285 AD2d 284, 303 [1st Dept 2001]; Administrative Code of City of NY § 3-601[b]). However, this is no reason not to apply County Law section 52, since there is no county-level government organization in the City of New York that could be considered the District Attorney's employer for administrative purposes such as paying his or her salary. Moreover, the District Attorney is elected by the voters of New York County, not New York City. Finally, this Court has cited County Law section 52 in holding that a notice of claim is required before filing an action against the office of a District Attorney in the City of New York (Drakeford v Brooklyn Dist. Attorney, 266 AD2d 134 [1st Dept 1999], lv dismissed 95 NY2d 877 [2000]). Thus, the court properly dismissed the claim.
Moreover, a claim for money had and received is "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another" (Parsa v State of New York, 64 NY2d 143, 148 [1984]). Here, plaintiffs have not demonstrated ownership of the funds. They never identified the source of the funds, or submitted business records in connection with the bank accounts, instead claiming during discovery that they either destroyed or did not have them. Furthermore, principles of equity dictate that the funds in question not be awarded to plaintiffs, as the record suggests that they knew or should have known that they were conducting unlicensed money-transmitting businesses through their "agent" Beacon Hill (see United States v Mazza-Alaluf, 607 F Supp 2d 484, 493, 499-500 [SD NY 2009], affd 621 F3d 205, 211 [2nd Cir 2010], cert denied 562 US 1035 [2010]).
Plaintiffs were not deprived of due process, as they had actual notice of the forfeiture action, and the conviction that resulted in the forfeiture. Nonetheless, they chose not to take any action to claim their funds for [*3]over a year, despite being apprised by the Assistant District Attorney handling the forfeiture action that they needed to file a CPLR 1327 petition in order to make a claim to their funds.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021



Footnotes

Footnote 1: To the extent that defendant argues that plaintiffs did not dispute the notice of claim issue below, we note that it is a purely legal issue to which all of the salient facts appeared on the face of the record (see Chateau d'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).