■ AMERICAN EXPRESS CENTURION BANK, Respondent, v DEAN CUTLER, Also Known as DEAN K. CUTLER, Appellant. [916 NYS2d 622]—

In an action to recover the outstanding balance due on a credit card, the defendant appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered August 6, 2009, which, upon an order of the same court entered July 17, 2009, in effect, granting that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated, is in favor of the plaintiff and against him in the total sum of $123,169.84. The notice of appeal from the order is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated is denied, and the order is modified accordingly.

"An account stated is an agreement between [the] parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]; *see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154 [1975]; *Citibank [S.D.] v Jones*, 272 AD2d 815 [2000]). An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account (*see Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562 [2006]; *Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51, 52 [2004]; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]; *Citibank [S.D.] v Jones*, 272 AD2d 815 [2000]; *Schneider Fuel Oil v DeGennaro*, 238 AD2d 495, 496 [1997]).

Here, the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover on an account stated. The plaintiff's evidentiary submissions did not include the monthly credit card billing statements which form the basis of its cause of action to recover on an account stated, and the affidavit of the plaintiff's employee contained no facts showing that the defendant retained the subject billing statements for an unreasonable period of time without objecting to them, or that he made partial payment on the billing statements (*see Citibank [S.D.] N.A. v Goldberg*, 24 Misc 3d 143[A], 2009 NY Slip Op 51735[U] [2009]; *Discover Bank v Williamson*, 14 Misc 3d 136[A], 2007 NY Slip Op 50231[U] [2007]; *cf. American Express Centurion Bank v*

*Williams*, 24 AD3d 577 [2005]). Furthermore, the plaintiff's "prima facie burden cannot be met by evidence submitted for the first time in its reply papers" (*Yeum v Clove Lakes Health Care & Rehabilitation Ctr., Inc.*, 71 AD3d 739 [2010]; *see Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954 [2010]; *David v Bryon*, 56 AD3d 413, 414-415 [2008]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Encarnacion v Smith*, 70 AD3d 628, 630 [2010]; *David v Bryon*, 56 AD3d at 414). Skelos, J.P., Eng, Belen and Lott, JJ., concur.