■ TITAN COMMUNICATIONS, INC., Formerly Known as OBLIO TELECOM, INC., Respondent, v DIAMOND PHONE CARD, INC., Appellant. [941 NYS2d 280]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendant appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), entered October 26, 2010, which granted the plaintiff's motion for summary judgment on the complaint and denied its cross motion to compel certain discovery, and (2) a judgment of the same court entered November 1, 2010, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $295,095.04.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the complaint by establishing that it had a contract with the defendant whereby the defendant, within 14 days of the receipt of an invoice, would pay for pre-paid phone cards sold to it by the plaintiff, that the plaintiff sent certain phone cards to the defendant for which the defendant did not tender full payment, and that the plaintiff submitted invoices for payment to which the defendant did not object and which the defendant did not pay in full (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]; *LD Exch. v Orion Telecom. Corp.*, 302 AD2d 565 [2003]). In opposition, the defendant acknowledged the existence of a contract and produced no evidence to show that payment had been made. It also provided no evidence to substantiate its claims of fraud by the plaintiff, but asserted that summary judgment was inappropriate because the plaintiff had sent defective cards, had unilaterally increased the rates on the cards it sent, rendering those cards useless, and had agreed to give the defendant a credit for certain cards that the defendant returned. The defendant provided no evidence to support its claims, and its principal acknowledged, at his deposition, that it had no documents to substantiate its claims. Such conclusory assertions are insufficient to defeat a motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see also Dunlap v Levine*, 271 AD2d 396 [2000]; *Anarumo v Terminal Constr. Corp.*, 143 AD2d 616 [1988]). Additionally, the defendant's "self-serving, bald allegations of oral protests" are insufficient to raise a triable issue of fact as to the existence of an account stated (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

The Supreme Court also providently exercised its discretion in denying the defendant's cross motion to compel certain discovery, as the defendant failed to demonstrate how further discovery might reveal the existence of facts currently within the exclusive knowledge of the plaintiff which would warrant

the denial of summary judgment, did not make any effort to serve discovery requests until after the note of issue was filed, did not move to compel discovery until it submitted its papers opposing the plaintiff's summary judgment motion, and did not make any showing that it had an inadequate opportunity to conduct discovery (see CPLR 3212 [f]; *Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]; *Kraeling v Leading Edge Elec.*, 2 AD3d 789, 791 [2003]; *Home Sav. Bank v Arthurkill Assoc.*, 173 AD2d 776, 777 [1991]). Dillon, J.P., Florio, Chambers and Lott, JJ., concur.