*523 “ ‘An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due’ ” (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [2011], quoting Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869 [1993]; see American Express Centurion Bank v Cutler, 81 AD3d 761, 762 [2011]). “An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account” (American Express Centurion Bank v Cutler, 81 AD3d at 762; see Landau v Weissman, 78 AD3d 661, 662 [2010]).
Here, the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover on an account stated. The plaintiff did not submit sufficient evidence to establish that the defendant retained the account statements without objecting to them within a reasonable period of time. While an employee who reviewed the plaintiffs records stated by affidavit that the credit card statements were mailed to the defendant on a monthly basis, she failed to aver that the defendant retained these statements for a reasonable period of time without objecting to them (see American Express Centurion Bank v Cutler, 81 AD3d at 762). The plaintiff also submitted three checks as evidence of partial payments on the account statements. Two of these checks, however, were for payment of the full amount owed on the account at the time and predated the disputed charges. The third check, in the sum of $300, only reflected a small proportion of the debt owed at the time, approximately $19,000, and by itself, did not create an inference of assent (see Landau v Weissman, 78 AD3d at 662; Construction & Mar. Equip. Co. v Crimmins Contr. Co., 195 AD2d 535 [1993]). Accordingly, the plaintiff failed to establish its entitlement to judgment as a matter of law on its cause of action to recover on an account stated (see Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856 [2012]; American Express Centurion Bank v Cutler, 81 AD3d at 762; Citibank [SD] N.A. v Goldberg, 24 Misc 3d 143[A], 2009 NY Slip Op 51735[U] [2009]).
The plaintiff made a prima facie showing of entitlement to judgment as matter of law on its cause of action to recover dam *524 ages for breach of contract (see Citibank [S.D.] N.A. v Sablic, 55 AD3d 651, 652 [2008]). The plaintiff tendered sufficient evidence that there was an agreement, which the defendant accepted by her use of the credit card and payments made thereon, and which was breached by the defendant when she failed to make required payments (id.; see Feder v Fortunoff, Inc., 114 AD2d 399 [1985]; FIA Card Servs., N.A. v DiLorenzo, 22 Misc 3d 1127[A], 2009 NY Slip Op 50305[U] [2009]). However, the defendant, in opposition, tendered evidence that she objected to charges with the plaintiff, inaccuracies allegedly resulted from the defendant being mistaken for a similarly named individual, and that the defendant raised the alleged inaccuracies with the credit reporting agencies. Therefore, the defendant raised a triable issue of fact on the cause of action to recover damages for breach of contract (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Accordingly, the plaintiffs motion for summary judgment on the complaint should have been denied. Rivera, J.P., Eng, Lott and Cohen, JJ., concur.