In an action to recover on an account stated and for unjust enrichment, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 9, 2011, as granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability on both causes of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff’s motion which was for summary judgment on the issue of liability on both causes of action is denied, and, upon searching the record, summary judgment is awarded to the defendant dismissing the cause of action to recover on an account stated.
On September 7, 2007, there was a fire in the kitchen of the defendant’s home which resulted in damage to the home. From September 14, 2007, through September 24, 2007, employees of the plaintiff, a restoration, remediation, and reconstruction company, performed a cleanup of the defendant’s home.
The plaintiff sent the defendant an invoice dated March 3, 2008, in the amount of $20,841. In response, in letters dated April 9, 2008, April 14, 2008, June 3, 2008, and June 4, 2008, respectively, the defendant requested that the plaintiff provide an itemized copy of the bill, including the job description, hourly rate charged, and the amount of time needed to complete the *646 job. The defendant also requested a copy of the contract authorizing the plaintiff to perform the work.
The plaintiff responded to the defendant’s requests in a letter dated June 9, 2008, and provided a copy of the estimate that it submitted to the defendant’s insurance company. The defendant then informed the plaintiff, in a letter dated June 26, 2008, that she would not pay the plaintiff’s invoice in the amount of $20,841. Thereafter, the defendant filed a complaint against the plaintiff with the New York State Attorney General’s Bureau of Consumer Frauds and Protection and the New York State Insurance Department.
The plaintiff commenced this action to recover on an account stated and for unjust enrichment. It then moved for summary judgment on the complaint. The Supreme Court granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability on both causes of action. It found that the plaintiff submitted proof that it performed services for the defendant for which it had not been paid, and, in opposition, the defendant failed to raise a triable issue of fact because she submitted an affirmation from her attorney, who did not have firsthand knowledge of the events. The Supreme Court did not note that annexed to the affirmation of the defendant’s attorney were, inter alia, the transcript of the defendant’s deposition and the correspondence between the parties which occurred prior to the commencement of this action.
“ ‘An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due’ ” (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [2011], quoting Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869 [1993]; see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523 [2012]; American Express Centurion Bank v Cutler, 81 AD3d 761, 762 [2011]). “An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time or makes partial payment on the account” (American Express Centurion Bank v Cutler, 81 AD3d at 762; see Landau v Weissman, 78 AD3d 661, 662 [2010]).
Here, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover on an account stated. The affidavit of the plaintiff’s project manager, submitted in support of the plaintiffs motion, stated that, when the defendant was contacted about payment, she stated that she never authorized the plaintiff to do work in her home and did not intend to pay the plaintiff. In addition, the plaintiffs project manager *647 averred that “not even a single payment was ever received,” even though the defendant had been billed for the plaintiff’s services. These submissions are insufficient to establish, as a matter of law, that the defendant retained the subject invoices for an unreasonable period of time without objecting to them, or that she made partial payment on the invoices (see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d at 523; Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856 [2012]; American Express Centurion Bank v Cutler, 81 AD3d at 762). Accordingly, the Supreme Court should have denied that branch of the plaintiffs motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; American Express Centurion Bank v Cutler, 81 AD3d at 763; Encarnacion v Smith, 70 AD3d 628, 630 [2010]).
Further, the evidence submitted by the plaintiff demonstrated that there was no express agreement between the parties to an account and that the defendant neither retained the subject invoices for an unreasonable period of time without objecting to them, nor made partial payment on the invoices. Upon our authority to search the record and award summary judgment to the nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212 [b]), we award summary judgment to the defendant dismissing the cause of action to recover on an account stated.
“ ‘The essential inquiry in any action for unjust enrichment ... is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered’ ” (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011], quoting Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]). A plaintiff must show “ ‘that (1) the other party was enriched, (2) at that party’s expense, and (3) that “it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered” ’ ” (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182, quoting Citibank, N.A. v Walker, 12 AD3d 480, 481 [2004]; Baron v Pfizer, Inc., 42 AD3d 627, 629-630 [2007]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging unjust enrichment through the affidavit of its project manager explaining that the plaintiff performed cleanup services at the defendant’s home for which it had yet to be paid.
However, in opposition, the defendant raised a triable issue of fact by submitting a transcript of her deposition, at which she testified that she did not ask the plaintiff to perform work in
*648 her home and that she had been informed that her insurance carrier was going to pay the plaintiff for its services. Where services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery (see Ehrlich v Froehlich, 72 AD3d 1010, 1011 [2010]; Fountoukis v Geringer, 33 AD3d 756, 757 [2006]; Kagan v K-Tel Entertainment, 172 AD2d 375, 376 [1991]). The Supreme Court erred in finding that the defendant’s opposition to the plaintiffs motion was insufficient. Although the defendant’s attorney did not assert any personal knowledge of the facts, his affirmation, to which were annexed at least 25 exhibits, including the transcript of the defendant’s deposition testimony, satisfied the requirements of CPLR 3212 since it served as a vehicle for the submission of documentary evidence (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Olan v Farrell Lines, 64 NY2d 1092, 1093 [1985]; Zuckerman v City of New York, 49 NY2d 557, 563-564 [1980]; State of New York v Grecco, 43 AD3d 397, 399-400 [2007]).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the cause of action alleging unjust enrichment. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.