Redemption Plus, LLC v Advantage Entertainment Serv. Corp. (2019 NY Slip Op 00485)





Redemption Plus, LLC v Advantage Entertainment Serv. Corp.


2019 NY Slip Op 00485


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-06297
2016-06298
 (Index No. 31328/14)

[*1]Redemption Plus, LLC, etc., respondent,
v
Advantage Entertainment Service Corp., et al., appellants.


Ira S. Newman, Great Neck, NY (Samuel Drukman of counsel), for appellants.



DECISION & ORDER
In an action to recover on an account stated, the defendants appeal from (1) an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated December 8, 2015, and (2) a judgment of the same court dated April 13, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Joseph Moore. The judgment, upon the order, is in favor of the plaintiff and against the defendant Joseph Moore in the total sum of $37,887.23.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal by the defendant Advantage Entertainment Service Corp. from the judgment is dismissed, without costs or disbursements, as that defendant is not aggrieved by the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on so much of the complaint insofar as asserted against the defendant Joseph Moore as sought to recover on an account stated with respect to invoices sent to "Krazy City" is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith and the entry of an appropriate amended judgment thereafter.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal by the defendant Joseph Moore from the judgment (see CPLR 5501[a][1]).
Moreover, because the judgment was entered against Moore and not the defendant Advantage Entertainment Service Corp., the appeal by Advantage Entertainment Service Corp. from the judgment must be dismissed, as that defendant is not aggrieved by the judgment (see CPLR 5511; Saccheri v Cathedral Props. Corp., 123 AD3d 899; Mixon v TBV, Inc., 76 AD3d 144).
The plaintiff commenced this action to recover on an account stated based on prior transactions between the plaintiff and Advantage Entertainment Service Corp., which allegedly was [*2]doing business as separate entities named "Jeepers" and "Krazy City." The plaintiff alleged that Moore was the personal guarantor with respect to the debt. The plaintiff moved for summary judgment on the complaint. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Moore, and denied that branch of the motion which was for summary judgment on the complaint insofar as asserted against Advantage Entertainment Service Corp., finding that the plaintiff had failed to name the correct corporate defendant. The court entered a judgment in favor of the plaintiff and against Moore.
"An account stated is an agreement between [the] parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance" (Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869; see American Express Centurion Bank v Cutler, 81 AD3d 761, 762-763). An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account (see American Express Centurion Bank v Cutler, 81 AD3d at 762).
Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the complaint insofar as asserted against Moore. In opposition, however, Moore raised a triable issue of fact as to whether he had received the invoices for goods delivered to "Krazy City," and either retained those invoices for an unreasonable period of time without objecting to them or made partial payment on them (see id.). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on so much of the complaint insofar as asserted against Moore as sought to recover on an account stated with respect to the invoices sent to "Krazy City."
Moore's remaining contentions are without merit. Accordingly, we remit the matter to the Supreme Court, Rockland County, for a trial on so much of the complaint insofar as asserted against Moore as sought to recover on an account stated with respect to the invoices sent to "Krazy City" and the entry of an appropriate amended judgment thereafter.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court