Stardom Brands, LLC v S.K.I. Wholesale Beer Corp. (2019 NY Slip Op 04018)





Stardom Brands, LLC v S.K.I. Wholesale Beer Corp.


2019 NY Slip Op 04018


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02672
 (Index No. 503398/12)

[*1]Stardom Brands, LLC, appellant, 
v
S.K.I. Wholesale Beer Corp., et al., respondents.


Marylou Paolucci & Associates, P.C., Smithtown, NY (Marylou A. Paolucci and Michael Confusione of counsel), for appellant.
Schwartz Ettenger PLLC, Melville, NY (Jeffrey S. Ettenger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover on an account stated and damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Steven Z. Mostofsky, J.), dated October 11, 2017. The judgment, insofar as appealed from, upon a decision dated December 23, 2016, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the causes of action to recover on an account stated and damages for breach of contract.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendants and against the plaintiff dismissing the cause of action to recover on an account stated based on an invoice dated June 6, 2012, and substituting therefor a provision in favor of the plaintiff and against the defendants on that cause of action in the principal sum of $12,345; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is an importer of Slavutich beer. The defendants, S.K.I. Wholesale Beer Corp. and J.R.C. Beverage, Inc., doing business as Home Beverage Depot (hereinafter J.R.C. Beverage), operate together as a beer distributor. The plaintiff alleges that the defendants orally agreed to purchase two shipping containers of Slavutich beer containing 1,500 cases of beer each, to be shipped floor-loaded, and that the defendants only paid for one-half of one shipment. The plaintiff commenced this action, inter alia, to recover on an account stated and damages for breach of contract. The defendants assert that they agreed to purchase one container of 1,200 cases of beer, which was to be shipped pallet-loaded, and that they never agreed to purchase a second container of beer. As to the second container of beer, the defendants assert that they agreed to store the container in their warehouse for the plaintiff because the plaintiff, who was new to the business, had nowhere to store it.
At a nonjury trial, the plaintiff produced two invoices for $24,690 each, one dated June 6, 2012, and the other dated July 14, 2012, which the plaintiff's owner testified were issued based upon the defendants' verbal orders. The plaintiff also produced a check issued by the defendant J.R.C. Beverage in the amount of $12,345, a sum equal to 50 percent of the first invoice. [*2]The defendants conceded that they paid only half of the first invoice. The defendants' owner testified that he paid only half of the invoice amount because the agreement had been for 1,200 cases of beer and not 1,500, and because the beer was shipped floor-loaded, which created additional work for the defendants. As to the invoice dated July 14, 2012, the defendants' owner testified that it did not represent an agreement by the defendants to purchase the second container of beer, and it was issued only to comply with beer storage regulations, which he understood to require an invoice for any product in storage.
In a decision dated December 23, 2016, the Supreme Court credited the testimony of the defendants' owner over the testimony of the plaintiff's owner, including that the second invoice was issued for the defendants' storage of the plaintiff's beer and did not represent an agreement between the parties for the defendants' purchase of that container of beer. The court entered a judgment, dated October 11, 2017, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Belilos v Rivera, 164 AD3d 1411, 1413; BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see Brisk v Bloch, 165 AD3d 745).
We agree with the plaintiff that the Supreme Court erred in dismissing the cause of action to recover on an account stated with respect to the invoice dated June 6, 2012. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869; see Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 153; American Express Centurion Bank v Cutler, 81 AD3d 761, 762). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (American Express Centurion Bank v Cutler, 81 AD3d at 762; see Rodkinson v Haecker, 248 NY 480, 485; BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d at 884; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 223).
At trial, the plaintiff established that the defendants received the first invoice and made partial payment on it. While the defendants claim that the number of cases of beer and manner of shipping did not conform with their order, there is no evidence in the record that they raised that objection prior to the commencement of this lawsuit, or that they ever disputed the invoice. Accordingly, the evidence presented at trial warranted a determination in the plaintiff's favor in the principal sum of $12,345 on the cause of action to recover on an account stated based on the invoice dated June 6, 2012 (see Joseph W. Ryan, Jr., P.C. v Faibish, 136 AD3d 984, 985; Vanzo Wholesale Food Equip., Inc. v 28 McEwan St., LLC, 132 AD3d 754; Castle Oil Corp. v Bokhari, 52 AD3d 762; Casa Redimix Concrete Corp. v MacQuesten Gen. Contr., Inc., 14 AD3d 641, 642).
We disagree with the plaintiff that it is entitled to recover the balance allegedly due on the second invoice. In its finding of facts, to which we defer (see Trimarco v Data Treasury Corp., 146 AD3d 1004, 1007), the Supreme Court credited the testimony of the defendants' owner that the defendants did not purchase the second container of beer, but rather they had entered an agreement with the plaintiff to store the second container of beer. The court's determination that there was no account stated for the invoice dated July 14, 2012, was warranted by the facts (see Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C., 75 AD3d 488, 489; Ludemann Elec., Inc. v Dickran, 74 AD3d 1155, 1156).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court