Reddan v Italian (2020 NY Slip Op 51224(U))

[*1]

Reddan v Italian

2020 NY Slip Op 51224(U) [69 Misc 3d 133(A)]

Decided on October 15, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 15, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-1568 N C

Stephen G. Reddan, Esq., Respondent, 
against
Saharnaz Italian, Appellant. 

Saharnaz Italian, appellant pro se.
Stephen G. Reddan, Esq., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (William
Hohauser, J.), entered March 22, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $2,832.50.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff, an attorney, seeks the principal sum of $2,832.50 from a
former client based on an account stated. After a nonjury trial, the District Court awarded
plaintiff the amount sought.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate
the testimony and demeanor of the witnesses affords it a better perspective from which to assess
their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v
Kincade, 178 AD2d 510, 511 [*2][1991]). This deference
applies with greater force to judgments rendered in the Small Claims Part of the court (see
Williams v Roper, 269 AD2d at 126).
At the trial, plaintiff testified that he billed defendant for legal services and that defendant
did not object to the bill. Plaintiff submitted the bill and a retainer agreement into evidence.
Defendant testified, but did not claim either that she had not received the bill or that she had
objected to it. As there was a basis for the District Court to find that plaintiff had established an
account stated (see American Express Centurion Bank v Cutler, 81 AD3d 761 [2011]),
the judgment provided the parties with substantial justice (see UDCA 1804).
Accordingly, the judgment is affirmed. 
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 15, 2020