D & N Lending, LLC v Tachlis Corp. (2023 NY Slip Op 06115)

D & N Lending, LLC v Tachlis Corp.

2023 NY Slip Op 06115

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-01654 
2021-01657
 (Index No. 36104/18)

[*1]D & N Lending, LLC, respondent, 
v
Tachlis Corp., et al., appellants.

Blanchard & Wilson LLP, White Plains, NY (Dennis E. A. Lynch of counsel), for appellants.
Maidenbaum & Associates, PLLC, Merrick, NY (Eric J. Canals of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 1, 2021, and (2) a judgment of the same court dated February 17, 2021. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $89,713.50.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2016, the defendant Yakov Friedman, as president of the defendant Tachlis Corp., completed an application for credit from Vanguard Printing, LLC. The application contained a personal guaranty from Friedman, which was separately executed and dated March 21, 2016. Vanguard Printing, LLC, subsequently entered into an asset purchase agreement with Vanguard Graphics, LLC. The plaintiff subsequently entered into a collateral acceptance agreement pursuant to which a security interest in all of the assets of Vanguard Graphics, LLC, was assigned to the plaintiff.
On October 15, 2018, the plaintiff commenced this action, inter alia, to recover on an account stated against the defendants. The defendants asserted, among other things, an affirmative defense that the execution of certain documents was fraudulent. The plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. By order dated February 1, 2021, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. The court issued a judgment in favor of the plaintiff and against the defendants in the total sum of $89,713.50. The defendants appeal.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the judgment (see CPLR 5501[a][1]).
Contrary to the defendants' contention, the Supreme Court properly granted the plaintiff's motion for summary judgment on the cause of action to recover on an account stated. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [internal quotation marks omitted]). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (American Express Centurion Bank v Cutler, 81 AD3d 761, 762).
Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the cause of action to recover on an account stated (see American Express Centurion Bank v Gabay, 94 AD3d 795, 795-796). In support of its motion, the plaintiff submitted, inter alia, a transaction record reflecting that regular invoices were issued to Tachlis Corp. and Tachlis Corp. made partial payments on the invoices.
In opposition, the defendants failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Contrary to their contention, the affirmation of Friedman was insufficient to raise a triable issue of fact as to the authenticity of his signature on the personal guaranty (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384). Furthermore, the defendants failed to raise a triable issue of fact as to the amount due.
The defendants' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court