Steven Cohn, P.C. v Freedman (2025 NY Slip Op 00242)

Steven Cohn, P.C. v Freedman

2025 NY Slip Op 00242

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-06234
2023-03598
 (Index No. 605942/21)

[*1]Steven Cohn, P.C., respondent, 
v
Mark Freedman, appellant.

Rabinowitz, Galina & Rosen, Mineola, NY (Michael M. Rabinowitz and Daniel Rabinowitz of counsel), for appellant.
Steven Cohn, P.C., Carle Place, NY (Steven Cohn and Jeffrey H. Weinberger of counsel), respondent pro se.

DECISION & ORDER
In an action to recover unpaid legal fees, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered July 25, 2022, and (2) a judgment of the same court entered September 15, 2022. The order granted the plaintiff's motion for summary judgment on the second and fourth causes of action. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the total sum of $345,837.35.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2021, the plaintiff law firm commenced this action to recover unpaid legal fees. The plaintiff moved for summary judgment on the second and fourth causes of action, which sought to recover on an account stated. By order entered July 25, 2022, the Supreme Court granted the plaintiff's motion. The court issued a judgment in favor of the plaintiff and against the defendant in the total sum of $345,837.35. The defendant appeals.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851 [internal quotation marks omitted]; see D & N Lending, LLC v Tachlis Corp., 221 AD3d 954, 954; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP v City of Mount Vernon, 109 AD3d 537). "An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial [*2]payment on the account" (American Express Centurion Bank v Cutler, 81 AD3d 761, 762).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the second and fourth causes of action, seeking recovery on an account stated, by submitting evidence that the defendant received and retained, without objection, the invoices that the plaintiff sent to him seeking payment for professional services rendered, setting forth the billable hours expended, and identifying the services rendered (see D & N Lending, LLC v Tachlis Corp., 221 AD3d at 955; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP v City of Mount Vernon, 109 AD3d at 537).
In opposition, the defendant failed to raise a triable issue of fact (see Darby & Darby v VSI Intl., 95 NY2d 308, 315; Titan Communications, Inc. v Diamond Phone Card, Inc., 94 AD3d 740, 741; Duane Morris LLP v Astor Holdings Inc., 61 AD3d 418).
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court